BENJAMIN B. PRINCE, EXECUTOR, ETC., AND FREDERICA
E. BRETT, BY DAVID FISHER, HER NEXT FRIEND
AND GENERAL GUARDIAN, V. FRANK
M. CLARK.

*Guardian and ward—Partition of real estate—Notice.*

1. The probate court obtains no jurisdiction to order a partition of land where one of the tenants in common is an *infant*, and the other is her general guardian, and no guardian *ad litem* is appointed to represent and protect the interests of the infant.

2. One of two tenants in common of land devised her interest to her infant daughter. The land was partitioned in probate court, without the appointment of a guardian who was competent to represent this minor's interest. And it is held that service of notice of the proceedings upon the executor of the mother's estate did not cure the defect.

Appeal from Kalamazoo. (Buck, J.) Argued April 30, 1890. Decided June 6, 1890.

Bill to set aside partition proceedings in probate court,

and for an accounting and for a partition in chancery. Complainants appeal. Decree reversed, and decree entered in this Court in accordance with the prayer of the bill. The facts are stated in the opinion.

*Osborn & Mills,* for complainants.

*Allen M. Stearns* and *Dallas Boudeman,* for defendant.

GRANT, J. William B. Clark, the father of the defendant and Mary C. Brett, died March 18, 1878, leaving a last will and testament, by which he bequeathed to his wife a life-estate in one-third of his real estate, and the residue to his two children, share and share alike. After the probate of the will the defendant and Mary C. Brett purchased the widow's interest in the real estate, and thereby became the sole owners of said property as tenants in common, each owning an undivided half interest. Mrs. Brett died November 23, 1886, leaving surviving her her husband and one child, Frederica E. Brett. She left a will devising all her property to her daughter, excepting a sufficient sum for the support and maintenance of her husband. He survived her but a short time, and died February 8, 1887, before the controversy involved in this case arose.

February 16, 1887, defendant filed a petition in the probate court for his appointment as guardian of Frederica, who was then six years old and feeble minded, and was subsequently duly appointed such guardian. On January 21, 1888, defendant filed a petition in the probate court for a partition of the real estate owned by him and Frederica, his niece. Citation was issued, and served upon Mr. Prince. No guardian *ad litem* was appointed to represent the infant, and no notice was given to any of her relatives except the defendant. Commissioners were appointed, who gave notice to the defendant personally,

and as guardian, and to Mr. Prince, as representing the estate of Mary C. Brett, of their appointment, and of the time and place of meeting. The commissioners partitioned the property, filed their report February 24, 1888, and the same was duly confirmed. February 27, 1889, the defendant resigned his trust as guardian, and David Fisher was appointed and qualified in his stead.

The bill was filed in this cause June 15, 1889, praying that said partition proceedings may be decreed to be ineffectual, inoperative, null, and void; that an accounting be taken of the rents and profits received by each; and that a partition may be made according to the course and practice in the circuit court, in chancery. The case was heard upon pleadings and proofs taken in open court, decree entered dismissing the bill, and complainants appeal.

No charge of fraud is made against the defendant, or any one connected with the partition proceedings. It is virtually admitted that all the parties have acted in good faith. Although it is charged in the bill that the partition was unequal and unjust, the complainants offered no testimony in support of this allegation. The defendant and one of the commissioners, Mr. Hoyt, were sworn, and testified in regard to the manner of conducting the proceedings. It is apparent that no unfair advantage was taken, or intended to be taken, by the defendant, and that the commissioners divided the property according to their best judgment.

The sole question, therefore, for our determination is whether the probate court obtained jurisdiction to order the partition, because no one but the party whose interest must be considered as hostile to hers was appointed to represent and protect the interests of the infant. Every person is entitled to his day in court whenever his interests are involved, and to due notice of

the proceedings, and of the hearing or trial. Service of process cannot be had personally upon the infant. It is the rule of all courts, dictated both by reason and humanity, that some competent person shall be appointed, charged with the express duty of protecting the infant's rights, in every suit or proceeding where they are involved. Can one whose pecuniary interests are antagonistic to the interests of the infant be appointed to thus represent her?

The statutes of Michigan recognize the rule above stated, and provide that, before any partition shall be ordered, notice shall be given to all persons interested who reside in this State, or their guardians, and to the agents, attorneys, or guardians, if there be any, in this State, of such as reside out of the State; and that guardians shall be appointed for all minors, and some discreet person shall be appointed to act as agent for all such parties as shall reside out of the State. How. Stat. §§ 5969, 5975.

The law recognizes the rule in dealing with fiduciary relations that a man "cannot serve two masters." The temptation to serve one's self first is too great to permit one to occupy the two positions. Justice MANNING, in *People v. Township Board,* 11 Mich. 225, very tersely and correctly stated the reason of this rule:

"So careful is the law in guarding against the abuse of fiduciary relations, that it will not permit an agent to act for himself and his principal in the same transaction. * * * All such transactions are void, as it respects his principal, unless ratified by him with a full knowledge of all the circumstances. To repudiate them he need not show himself damnified. Whether he has been or not is immaterial. Actual injury is not the principal the law proceeds on in holding such transactions void. Fidelity in the agent is what is aimed at, and as a means of securing it the law will not permit the agent to place himself in a situation in which he may be

tempted by his own private interest to disregard that of his principal."

The above reasoning applies with much greater force to the relation of guardian and ward than it does to principal and agent. It is no sufficient answer in this case to say that the guardian properly protected his ward's interest. His action was in plain violation of the policy of the law. She cannot speak for herself till she becomes of age. No one but an interested party has spoken for her. If the validity of the proceedings must depend upon the good faith of the action of the guardian, that issue must often, in the very nature of things, be postponed for many years, when evidence of bad faith would be difficult to obtain. While the law does not presume bad faith, it does presume that there may be, and hence requires that the infant shall be represented by a discreet and disinterested person, whose duty it is made to examine the situation, and see that a division is fairly and honestly made. That must be done when the division is made, and not left to future litigation.

The executor, Prince, does not come within the requirements of the statute. He represented the estate of the infant's mother, in which estate others were interested besides herself. Notice, therefore, to him of the partition proceedings does not cure the defect.

As a reason for dismissing the bill it is urged by defendant's counsel that the result of declaring these partition proceedings void will be to invalidate many titles to real estate. We cannot believe such to be the case. But, be that as it may, it furnishes no excuse to the courts for establishing a principle which cannot fail to jeopardize the property rights of those who cannot protect themselves.

The decree of the court below must be reversed, and

decree entered here in accordance with the prayer of the bill.    Complainants will recover the costs of both courts.

The other Justices concurred.