[No. 1464. Decided November 26, 1894.]

JOHN DOOLY, *Appellant, v.* CHARLES RUSSELL ET AL., *Respondents.*

ADMINISTRATOR'S SALE OF LAND—IRREGULARITIES—WAIVER OF OBJECTIONS BY HEIRS.

In an action to recover possession of real estate from the heirs at law of a decedent, it is error to set aside a verdict in favor of plaintiff, when the evidence shows that the land had, on petition, been ordered sold for the purpose of paying debts; that with the consent of the plaintiff, who held a mortgage thereon, and of the defendants, the order provided for the payment of the mortgage debt out of the proceeds; that the lands were sold to plaintiff for a sum slightly in excess of his mortgage claim, he being credited with the amount of his claim and paying the excess in money; that a petition of defendants for re-sale on the ground of inadequacy of price, was, after due consideration, denied by the court; that the

sale was duly confirmed, the defendants being present in person or by attorney at all the steps in the proceedings ; and that in accordance with the order of the court, a deed had been duly executed by the administrator to the plaintiff.

*Appeal from Superior Court, Walla Walla County.*

*Lester S. Wilson* (*Thomas H. Brents,* of counsel), for appellant.

*George T. Thompson* and *James T. Jones,* for respondents.

The opinion of the court was delivered by

Scott, J.—The plaintiff appeals from an order setting aside a verdict which he had obtained in an action brought to recover the possession of certain real estate. The facts relating thereto are set forth in *State ex rel. Dooly v. Superior Court, ante,* p. 168.

While a number of jurisdictional questions have been urged by the respondents to sustain the action of the lower court in setting aside the verdict, we are of the opinion that none of them are involved in this case. It is true that ordinarily a sale of lands under said § 1005, Code Proc., will only operate to convey the interest of the estate therein. The sale in such case will be subject to the mortgage. And while the petition to redeem the lands, which might have resulted in a sale under §§ 1035–37, could not have been filed after the year had elapsed within which to present claims, we are of the opinion that a later presentation and a sale thereunder, if the same is consented to by all the parties in interest, will be valid. There is also, in said last proceeding, some uncertainty as to how the mortgagee is to be made a party thereto, where the petition to redeem is made by another party. Of course, he must be brought in in some manner in order to conclude his interest. It is the well-settled law of this state that the administration of an estate is a proceeding *in rem,* and the court in this proceeding unquestionably had jurisdiction over the lands in controversy, and had power to order the same sold.

Now, as to the manner of sale, it appears that the mortgagee, who prior to that time had not been a party to the proceedings and had done nothing further than to present his note secured by the mortgage as a claim against the estate, without presenting the security, appeared and consented that the lands should be sold in the way and for the purposes specified in the order. The respondents were parties to these proceedings, and the record shows their presence, in person or by attorneys, at the taking of each material step. There is no contention that the respondents were not fully advised with regard to the order of sale. The manner of making the sale and of making payment by crediting the purchaser with the amount of his mortgage claim was known to them, and no objection whatever was made thereto. The objection which was made only went to the alleged inadequacy of the price obtained, and after a due hearing thereon the court found against them in the premises, refused to direct another sale and confirmed the one made to the appellant. Now, the court having jurisdiction of the lands, with power to order a sale, and the appellant having subjected his mortgage claim to the jurisdiction of the court, with the consent of the respondents, and the proceedings having been fully carried out and a deed issued to the appellant thereunder, it was thereafter too late to raise any question relating to the regularity of the proceedings in the premises, and there were no jurisdictional questions involved.

Consequently, it follows that the action of the lower court in setting aside the verdict obtained by the appellant cannot be sustained. Said action is set aside, and the cause remanded with instructions to enter a judgment on the verdict for the plaintiff.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.