[No. 2011.  Decided November 14, 1895.]

JACOB FURTH, *Administrator, et al., Respondents,* v. THE
UNITED STATES MORTGAGE AND TRUST COMPANY,
*Appellant.*

ADMINISTRATORS' SALE OF REAL ESTATE — ORDER OF COURT — NOTICE —
SUFFICIENCY.

An order to show cause why an administrators' sale should not
be granted need not name the heirs, although known to the court,
but is sufficient, if directed, in the language of Code Proc., § 1006,
" to all persons interested."

An order for the sale of real estate by an administrator is not in-
valid because no formal order of the court was entered or recorded
designating the newspaper in which should be published the order
to show cause why a sale should not be granted, as required by
Code Proc., § 1007, when publication has in fact been made in a
competent newspaper under the direction of the clerk and there is
nothing to show that the same was not done under the direction of
the judge.

Appeal from Superior Court, King County —Hon.
J. W. LANGLEY, Judge.  Affirmed.

*Strudwick & Peters,* for appellant.

*Carr & Preston, White & Munday,* and *H. E. Shields,*
for respondents.

The opinion of the court was delivered by

SCOTT, J.—The respondents were duly appointed
administrator and administratrix of the estate of
Henry L. Yesler, deceased.  Pending, and as a part
of, the administration thereof, they petitioned the
court for an order to sell certain real estate.  The sale
was directed, and the property was sold to appellant
for the sum of $130,000.  Ten per cent. of the pur-
chase price was paid and the sale was confirmed by
the court.  A deed of the premises was tendered to

the appellant and the balance of the purchase price was demanded. Appellant refused to accept the deed or pay the balance of the purchase money, on the ground that the proceedings were invalid, and that the same would not operate to transfer title to the property. Whereupon the respondents brought this action, setting forth the proceedings, tendering the deed and praying that appellant be compelled to pay the balance of the purchase price. A decree was rendered adjudging the proceedings to be valid and that appellant should pay the balance of the sum bid, and this appeal was taken therefrom.

It is conceded that unless the proceedings were sufficiently regular to transfer the title to the property in question to the appellant, it had the right to refuse to pay the purchase price. It is contended that said proceedings were invalid on the ground that none of the heirs were named in the order to appear and show cause why a sale should not be granted, but said order was directed only "to all persons interested." And the proceedings are further objected to because no newspaper was designated by the court for the publication of the notice in the order aforesaid.

It is conceded that the order to show cause was in fact published the required number of times in a competent newspaper, and that this was done under the direction of the clerk of said court. It does not appear that the same was not done under and by virtue of the sanction or direction of the judge of said court, but only that the judge did not issue a formal order of publication designating a particular newspaper. As to the form of the order, the statute (§ 1006, Code Proc.) does not, in terms, require it to be addressed to the heirs of the deceased by name; nor have we been cited to any provision of the code

requiring this to be done. The provision of the section aforesaid is that the court shall make an order directing "all persons interested" to appear at the time and place specified; and while it would be proper to name the parties interested, where the same are known, we do not think that it is essential under existing legislation. It is within the power of the legislature to direct such sales to be made without notice, and this being true the legislature could, of course, specify the kind of notice that should be given. Nor is there any provision requiring that an order for publication of the notice with a designation of a particular newspaper shall be contained in the order to show cause why a sale should not be granted. Sec. 1007 does provide that a copy of such order, if published, shall be published in such newspaper as the court shall order, and regularly, of course, there should be a formal order entered of record.

But it seems to us that the matters complained of were nothing more than irregularities, in no wise fatal to the proceedings, and which could be, and were, subsequently, cured by the order of the court confirming the sale. According to the settled law of this state, under the repeated holdings of this court, upon the appointment of the respondents as administrator and administratrix, respectively, the court obtained jurisdiction of the real and personal estate of the deceased, and the administration of the estate is a proceeding *in rem*. *Ryan v. Fergusson*, 3 Wash. 356 (28 Pac. 910); *Ackerson v. Orchard*, 7 Wash. 377 (34 Pac. 1106); *Hyde v. Heller*, 10 Wash. 586 (39 Pac. 249).

And we are of the opinion that the judgment of the superior court must be affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.