BAARS *v.* TOWNSHIP OF LAKETON.

1. PRINCIPAL AND AGENT — PUBLIC OFFICERS — INTEREST OF AGENT.

   An agent cannot bind his principal in a contract which the agent makes with himself; and the doctrine extends to public officers.

2. PUBLIC OFFICERS—TOWNSHIPS—HIGHWAY COMMISSIONER.

   A highway commissioner cannot recover for services rendered in overseeing the work of his own man and team upon the highway; a contract with himself for such work being unlawful.

3. COSTS—CONSENT TO JUDGMENT—STATUTES.

   A defendant who files a consent to a judgment (3 Comp. Laws, § 10084), for the amount plaintiff is entitled to recover, should be awarded all costs made thereafter.

Error to Muskegon; Sessions, J. Submitted October 20, 1910. (Docket No. 95.) Decided December 22, 1910.

Assumpsit by John Baars against the township of Laketon, for services rendered. Judgment for plaintiff and defendant brings error. Reversed, and judgment for a reduced amount entered.

*Alex. Sutherland,* for appellant.

*Cross, Vanderwerp, Foote & Ross,* for appellee.

HOOKER, J. The defendant has appealed from a judgment of $88.15 in favor of the plaintiff; the same having been rendered in circuit court upon a verdict for that amount. Only $13.15 is involved; defendant having offered in writing, under 3 Comp. Laws, § 10084, to allow judgment for $75. The plaintiff is a highway commissioner, and filed a claim for services with the township board. They allowed him compensation at $2 a day, the minimum amount provided by statute, and for a less num-

ber of days than he claimed to have worked. The amount allowed was $75. He refused to accept this amount, and brought this action. The defendant has appealed.

The contested item appears to be time spent in overseeing the work of his own team and driver only in work upon the highway. It is the contention of defendant's counsel that he is not entitled to pay for such service. The learned circuit judge instructed the jury that he might recover for such service, and left it to the jury to say how much of the time charged it was reasonably necessary to spend. The only question requiring consideration is whether he could lawfully charge for overseeing the work of his own man and team, when no one else was at work. The highway commissioner determined to do certain grading by the day, and teams were employed by him—among others, his own. On some of the days only his own team worked.

The defendant claims that the court erred in submitting these items to the jury, and in declining to decide them himself. It is a well-settled rule that an agent cannot bind his principal in a contract which the agent makes with himself, and we have decided that the doctrine extends to public officers. This was decided in the case of *People, ex rel. Plugger,* v. *Township Board,* 11 Mich. 222. The following cases are in point on the general proposition: *Beaubien* v. *Poupard,* Har. Ch. (Mich.) 206; *Walten* v. *Torrey,* Har. Ch. (Mich.) 259; *Clute* v. *Barron,* 2 Mich. 192; *Dwight* v. *Blackmar,* 2 Mich. 330 (57 Am. Dec. 130); *Moore* v. *Mandlebaum,* 8 Mich. 433; *Flint, etc., R. Co.* v. *Dewey,* 14 Mich. 486, 487; *Hannah* v. *Fife,* 27 Mich. 172; *Powell* v. *Conant,* 33 Mich. 396; *Prince* v. *Clark,* 81 Mich. 170 (45 N. W. 663); *Wilbur* v. *Stoepel,* 82 Mich. 344 (46 N. W. 724, 21 Am. St. Rep. 568); *McNutt* v. *Dix,* 83 Mich. 328 (47 N. W. 212, 10 L. R. A. 660); *Miner* v. *Ice Co.,* 93 Mich. 109 (53 N. W. 218, 17 L. R. A. 412); *Humphrey* v. *Transportation Co.,* 107 Mich. 167 (65 N. W. 13). We are constrained to hold that the plaintiff set his own man and

team at work unlawfully; and, this being the only occasion for his supervision, we are of the opinion that he is not entitled to compensation for time spent in supervision, and the court should have so instructed the jury. The question seems to us to be within the spirit, if not the letter, of the rule.

As the record shows that the defendant can contest only the excess of the judgment over $75, that amount—*i. e.*, $75—having been allowed and tendered, and no question being raised in the appeal as to that sum, we may enter a judgment for plaintiff in this court for $75, with interest from the time the action was begun, and with costs made before the offer of judgment.

The defendant is entitled to a judgment here for all costs made since the filing of its written offer of judgment.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.