[No. 12675. Department One. August 31, 1915.]

JOSEPH PONTI, *Respondent*, v. S. F. HOFFMAN *et al.,*
*Appellants.*[1]

INFANTS—GUARDIAN AD LITEM—PARTITION—STATUTES. Where, in partition proceedings, in which a guardian is required for all interested minors (Rem. & Bal. Code, § 1599), it appears that the general guardian of infant defendants and the infants are adversely interested, the court has power to appoint a guardian *ad litem* to represent the infants, under Id., § 1644, which provides that nothing in the chapter shall affect or impair the power of the court to appoint a guardian to defend the interests of any minor interested in any suit pending therein.

PARTITION—PROCEEDINGS—NOTICE—SUFFICIENCY — STATUTES. Under Rem. & Bal. Code, § 1599, providing that notice of partition proceedings be given to nonresident persons interested in the estate and an agent appointed to act for such parties, and Id., § 1592, providing that the notice may be given personally or by public notice, any reasonable notice is sufficient; and a notice personally served on the nonresident, as a summons is served, thirty-three days prior to the time for the partition, together with notice to the agent appointed to act, is a reasonable notice.

Appeal from a judgment of the superior court for Benton county, Holcomb, J., entered December 8, 1914, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

[1]Reported in 151 Pac. 249.

*H. Dustin,* for appellants.

*McGregor & Fristoe,* for respondent.

Mount, J.—This action was brought to recover the sum of $2,000 and interest, being the balance of the purchase price of lot 15, in block 65, of the town of Prosser, which lot was sold by the plaintiff to the defendant Hoffman. The defendants resisted the action upon the ground that the plaintiff could not convey a merchantable title to the above described real property. The plaintiff recovered a judgment in the court below, and the defendants have appealed.

The stipulated facts are as follows: The respondent, Joseph Ponti, and Lavina Ponti, prior to January 23, 1913, were husband and wife. On that day Lavina Ponti died. She left a will bequeathing all her property to the respondent for the period of his natural life, the remainder to her issue. She left surviving her six children, as follows: Rena Redfield, Stella Morse, Martin Ponti, Amelia Ponti, Norma Ponti, and Carlena Ponti. The last four named children are minors. On the 30th day of January, 1913, her will was admitted to probate, and the respondent was appointed executor thereof. On February 8, 1913, the respondent entered into a contract with the appellant Hoffman, wherein the respondent agreed to sell, and Hoffman agreed to purchase, the lot in question. On February 26, 1913, the respondent was regularly appointed as general guardian for the minor heirs, and letters of guardianship were issued to him on March 14, 1913. He has ever since been, and now is, the general guardian of the minor children.

On February 10, 1914, the respondent petitioned the superior court for Benton county, the county in which the property is situated, to partition and set over to him, as his separate property, his one-half of the community property owned by himself and wife at the time of her death. S. H. Mason was appointed guardian *ad litem* to appear for the

minor heirs and represent them in the partition proceeding. Mr. Mason was also appointed as agent to represent the nonresident heirs, the said Rena Redfield being then a resident of the state of Montana. Mason, as guardian and agent for the children of Mr. and Mrs. Ponti, appeared before the commissioners appointed by the court to partition the property. Partition was made of the property, and the report of the commissioners was afterwards confirmed by the court. The commissioners, prior to making the partition, gave notice of the time and place that they would make partition. Notice was served personally upon the general guardian for the minor children, upon the guardian *ad litem*, upon the agent of the nonresident heirs, and personally upon Rena Redfield, in Silver Bow county, Montana. The lot in question was set over, among other property, as the separate property of the respondent.

Two questions are argued by the appellants: First, that the appointment of S. H. Mason as guardian *ad litem* to represent the minor heirs in the partition proceeding was without authority and void, because the minor heirs already had a regularly appointed general guardian; and second, that the notice served upon Rena Redfield, a nonresident, was of no effect. We think there is no merit in either of these contentions.

Our statute, at § 1599, Rem. & Bal. Code, relating to the partition and distribution of estates, provides:

"Before any partition shall be made, or any estate divided, as provided in this chapter, guardians shall be appointed for all minors and insane persons interested in the estate to be divided; and some discreet persons shall be appointed to act as agent for such parties as reside out of the state, and notice of the appointment of such agent shall be given to the commissioners in their warrant, and notice shall be given to all persons interested in the partition, their guardians or agents, by the commissioners, of the time when they shall proceed to make partition."

Section 1644, with reference to the guardianship of infants, provides:

"Nothing contained in this chapter shall affect or impair the power of any court to appoint a guardian to defend the interests of any minor interested in any suit or matter pending therein, or to commence and prosecute any suit in his behalf."

It is next contended that the notice served upon Rena Redguardian had theretofore been appointed for the minor heirs, the court was without jurisdiction to appoint a guardian *ad litem* until the removal of the general guardian. No authorities are cited by the appellants to that effect. It appears in this case that the general guardian, the father of these children, was interested in the partition of the property. The children, of course, were interested therein. The interests of the general guardian and of the children were, no doubt, adverse. It is plain, under such conditions, that the general guardian could not act for himself and also for the children in the matter of the partition of the real property. The court was, therefore, clearly authorized to appoint a guardian *ad litem* under these circumstances without the removal of the general guardian. A guardian *ad litem* was appointed only for the purpose of this partition. The appointment was clearly authorized under § 1644 quoted. It is also clear that the appointment of a guardian *ad litem* under these circumstances was necessary. *Prince v. Clark*, 81 Mich. 167, 45 N. W. 663; *Roodhouse v. Roodhouse*, 132 Ill. 360, 24 N. E. 55, 22 Am. St. 539; *Shiner v. Shiner*, 15 Tex. Civ. App. 666, 40 S. W. 439; *Phillips v. Phillips*, 185 Ill. 629, 57 N. E. 196. We have no doubt that the appointment of a guardian *ad litem* was proper in this case.

It is next contended that the notice served upon Rena Redfield, who was a nonresident of this state, was insufficient. The notice was served personally upon the agent appointed by the court to represent all the heirs, and it was also served personally upon Rena Redfield, in Silver Bow county, Mon-

tana, and a return to that effect was made by an officer in the state of Montana. It is argued by the appellant that this notice was insufficient because it does not appear therefrom that she was served in the state of Montana. The notice itself recites that it was served in Silver Bow county, which county is stated in the videlicet to be in the state of Montana. It was served in the same manner that a summons is required to be served. The statute makes no provision for any special form of notice, but simply provides, at § 1599 *supra,* that notice shall be given to all persons interested in the partition, their guardians, or agents, by the commissioners; and at § 1592, that the notice may be given either personally or by public notice, as the court may direct. It is plain from the stipulated facts in the case that notice was given, and clearly a reasonable time was given. She had at least thirty-three days' notice prior to the time the partition was made. Reasonable notice is all that was required, and this she received. Her agent here also received notice. We think there can be no question that this notice was sufficient. *Furth v. United States Mortgage & Trust Co.,* 13 Wash. 73, 42 Pac. 523.

There is no merit in the appeal, and the judgment is therefore affirmed.

MORRIS, C. J., FULLERTON, CHADWICK, and ELLIS, JJ., concur.