[No. 27457.  Department Two.  July 6, 1939.]

*In the Matter of the Estate of* RALPH R. UPTON, *Deceased.*

SMALTZ GLOVE COMPANY *et al., Appellants,* v. CHARLES MILLAR UPTON, *as Administrator, Respondent.*[1]

[1]Reported in 92 P. (2d) 210.

*Eggerman & Rosling* and *W. S. Greathouse,* for appellants.

*Rummens & Griffin* and *Bennett Hoffman,* for respondent.

GERAGHTY, J.—Ralph R. Upton and his wife, Anna, residents of Seattle, sustained fatal injuries in an automobile accident in the state of Indiana; the husband died August 3, 1935, and the wife on the following day.

The husband left a will in which his wife was named as executrix. August 6, 1935, Charles Millar Upton, a son, filed his father's will in the superior court of King county, accompanied by his petition, reciting the death of the testator and of the executrix named in the will, and requesting that he be appointed administrator with the will annexed of his father's estate.

Notice that the application for letters of administration would be heard by the court August 16, 1935, was posted; and, on the day named, the court made an order admitting the will to probate and appointing the petitioner as administrator with the will annexed. The administrator qualified by taking his oath and filing a bond in the sum of two thousand dollars, as fixed by the court.

March 19, 1936, the court made an order authorizing the administrator to institute action in the appropriate court in the state of Indiana to recover damages for the death of Ralph R. Upton, against "whomsoever may be or have been responsible for the cause of such damages to property and for said death."

Subsequently, the administrator instituted an action against Smaltz Glove Company and Clifton Robinson in the district court of the United States for the northern

division of Indiana, for the recovery of damages on account of the death of his father. The defendants in that action filed a plea in abatement, challenging the right of the plaintiff to sue, in that he was not a legally appointed administrator of the decedent's estate.

December 28, 1937, Smaltz Glove Company and Robinson, defendants in the Indiana action, filed a petition in the probate proceeding for annulment of the letters issued to the administrator, alleging:

"That in the above captioned probate proceeding in this court no notice in conformity with the requirements of Section 63, Laws of 1917, page 67, Remington Revised Statutes 1433, was given of hearing on the petition for letters of administration with the will annexed filed on behalf of Charles Millar Upton, and that persons interested in said estate were not advised ten days prior to the hearing by the posting of notices in three public places of such hearing; that instead of posting notices for a period of ten days before the time fixed for such hearing, notices were in fact posted on the 7th day of August, 1935, and the hearing was set and held on the 16th day of August, 1935."

A citation was issued, and the petition set for hearing January 19, 1938. At the conclusion of the hearing held on that day, the court expressed the opinion that, while the request for cancellation of the letters was technical in nature, there was, nevertheless, a jurisdictional defect, and the court would reluctantly grant the petition.

A motion for new trial was made by the administrator and, subsequently, February 5, 1938, the court, in a memorandum opinion, stated:

"Since then, a motion for a new trial has been filed, and after consideration of the arguments for and against, and of the authorities cited, this court is of the opinion that in proceedings similar to this the superior court of this state, being a court of general jurisdiction,

acquires jurisdiction when a properly verified petition is filed, and that irregularity in the posting of notice or of making a return thereof does not vitiate or void an appointment of an administrator or of the issuance of letters of administration to him. The court, not having signed an order in support of its oral announcement, will therefore treat the motion for a new trial in the light of a motion for reconsideration and holds that the relief prayed for in the citation must be overruled and denied."

An order denying the motion was entered, and the petitioners have appealed.

Rem. Rev Stat., § 1433 [P. C. § 9949], provides that, when a petition for letters of administration or for letters with the will annexed is filed by anyone other than a surviving spouse, the clerk must give notice thereof by causing notices to be posted in at least three public places, one of which must be at the place where the court is held, containing the name of the decedent, the name of the applicant, and the time at which the petition will be heard. The notice is to be given at least ten days before the time fixed by the clerk for the hearing.

The clerk fixed the sixteenth of August for the hearing on the petition. Excluding the day of posting and including the day fixed for the hearing (Rem. Rev. Stat., §§ 150, 252 [P. C. §§ 7435, 8461]), the full ten-day notice would require posting on August 6th.

Rem. Rev. Stat., § 1372 [P. C. § 9930], requires the clerk to keep in his office certain books of record for probate matters, one such book, ordinarily referred to as the appearance docket, being "A memorandum of the files . . . and the date of filing each paper." This appearance docket in the clerk's office shows an entry noting the filing of three papers in the matter of the estate of Ralph H. Upton on August 6, 1935: (1) The will, (2) petition for probate of the will and

appointment of administrator with the will annexed, and (3) notice of hearing with affidavit of poster attached. The notice of hearing with affidavit of poster attached also bears the clerk's endorsement of filing as of August 6, 1935.

The affidavit of poster attached to the notice was made by Kenneth Griffin, a deputy in the clerk's office, and recites that three copies of the notice of hearing were posted by him on August 7, 1935. The affidavit of poster, showing that only nine days' notice of the hearing was given, is the basis of appellants' petition for revocation of the order appointing the administrator.

■ This proceeding is a direct attack upon the order. The court having acquired jurisdiction of the estate in probate, the order of appointment was not subject to collateral attack. Conceding this, the appellants say in their brief, "Had the appointment been attacked in the Indiana suit for wrongful death, such attack would be fruitless because collateral."

The rule applicable is stated in *State ex rel. Lauridsen v. Superior Court,* 179 Wash. 198, 37 P. (2d) 209, 95 A. L. R. 819, as follows:

"The respondents finally contend that the order appointing them as administrators is a final and appealable order and a judgment *in rem.* It is true that the administration of an estate, generally, is a proceeding *in rem. Dooly v. Russell,* 10 Wash. 195, 38 Pac. 1000; *Furth v. U. S. Mortgage & Trust Co.,* 13 Wash. 73, 42 Pac. 523. It is also true that, when the court has once obtained jurisdiction of the *res,* all presumptions and intendments are to be taken in favor of the regularity and validity of its proceedings. As a rule, therefore, an order appointing an administrator is not subject to collateral attack. 11 R. C. L. 74.

"But in a direct attack, as this proceeding is, inquiry may be made as to the regularity and validity of the order of appointment.

" 'Where letters of administration have been granted on the estate of a decedent to one not entitled to the appointment, the acts of such administrator are valid although the order appointing such person may be voidable in a direct proceeding instituted by those having a superior right. This rule rests upon the doctrine that in such cases the essential basis of jurisdiction exists, and the appointment of the wrong person is but an irregularity, subjecting the order of appointment to direct attack, but not invalidating acts done in pursuance of the law, in the course of administration by him who has been erroneously appointed.' 11 R. C. L. 86, § 84.

"See, also, 3 Schouler on Wills (6th Ed.), p. 1817, § 1650; 23 C. J. 1103, § 278.

"The reason for the rule is well expressed in 1 Bancroft's Probate Practice, p. 548, § 288, as follows:

" 'If the court were precluded from a reinvestigation of the facts upon which letters were granted, the veriest impostor might obtain letters and, after the period for appeal had elapsed, remain securely in an office to which he has no right, with no court having power to remove him.' "

While making no formal findings, the court, in its oral decision at the close of the hearing, as well as in its memorandum opinion filed later, seemed to be satisfied that the affidavit of poster spoke the truth, and that the notice was, in fact, posted on August 7th.

But assuming the notice to have been posted on the 7th and that, for this reason, the order appointing the administrator is voidable on direct attack in the probate proceeding by an interested party, we are of the opinion, nevertheless, that the court's denial of the petition to vacate the order of appointment was correct. The posting of notice is provided by the statute as a substitute for the service of personal notice upon all persons having an interest in the appointment of a qualified and proper person to administer the estate.

The appellants, nonresidents of the state, are not em-

braced within any of the classes designated by the statute as qualified for appointment; they were not heirs, distributees, or creditors of the estate. Their only relation to it was that of possible debtors. It would be of no moment to them whom the court appointed as administrator. Since the order appointing the administrator is not vulnerable to collateral attack, any judgment entered in the case pending in Indiana will be *res judicata* against the personal representatives of the decedent. Certainly, appellants would have no standing in court to voice a preference as to whom the court should appoint. Judgments or orders are not set aside to vindicate abstract law. *Kuhn v. Mason,* 24 Wash. 94, 64 Pac. 182.

The language of the court in *In re Mayo's Estate,* 60 S. C. 401, 38 S. E. 634, 54 L. R. A. 660, is applicable here. In that case, an administrator brought action against a railroad company to recover damages for the wrongful death of the intestate. The company appeared in the probate proceeding and moved for the revocation of the letters of administration granted to the plaintiff, the principal ground urged being that the intestate was not, at the time of his death, a resident of the state of South Carolina. After disposing of some collateral questions, the court said:

"The railroad company, however, was not entitled to be made a party to such proceedings. It was neither next of kin, distributee nor creditor of Mayo, the intestate, and, therefore, does not fall within the class of those interested in the grant of administration. Its relation to the administration was only as a defendant in a suit for damages by the administrator, and its only interest is to defeat the action. Every debtor to an intestate's estate would have a similar interest to defeat administration, but we are not aware that a debtor was ever heard in a probate court in opposition to proceedings for administration on his creditor's estate. By analogy the position of the Northeastern Railroad Co.

is no better in this regard than it would be if it were a debtor to the estate of Mayo."

In *In re Hardy*, 35 Minn. 193, 28 N. W. 219, the administratrix, wife of the intestate, brought an action against the Minneapolis & St. Louis Railway Company to recover damages for his wrongful killing. Thereupon, the company appealed from the order appointing the administratrix to the district court, by which the appeal was dismissed. Affirming the judgment, the supreme court said:

"Gen. St. 1878, c. 49, § 14, provides that an appeal from such an order 'can only be taken by a party aggrieved.' This does not include a mere debtor of the estate. It refers to one who, as heir, devisee, legatee, or creditor, has what may be called a legal interest in the assets of the estate, and their due administration. A mere debtor of a decedent's estate may have a personal preference as to who shall be appointed administrator, but in law that is a question in which he has no interest, and therefore its determination in one way or another cannot aggrieve him in any legal sense. His simple duty is to pay his debt to the administrator, whoever he may be. How the estate is administered, or by whom, is nothing to him. The case of one against whom an administrator has a right of action under the statute cited cannot stand upon any different footing. If for any reason the appointment of an administrator is invalid, so that he is not an administrator, that fact can be taken advantage of in any suit which he may assume to bring in that character."

The last sentence in the quoted passage has reference, of course, to an administrator appointed by a void order subject to collateral attack, and where the person assuming to act as administrator is not such in fact.

The order appealed from is affirmed.

BLAKE, C. J., BEALS, ROBINSON, and SIMPSON, JJ., concur.