JOHN A. WINSTON & Co. et al. *v.* CHARLES McLENDON, Admr. etc.

1. INFANT—SERVICE OF PROCESS ON.—An infant has no capacity to waive a copy of process served on him.

2. GUARDIAN AD LITEM.—If an infant have a legal guardian, that guardian must, in all proceedings in the probate court affecting the infant's rights, be summoned personally, or, upon proper showing, by publication, to appear and represent his ward's rights. It is only when an infant has no legal guardian, or the guardian being summoned fails to appear, or is interested in the proceeding, that a guardian *ad litem* may properly be appointed.

3. ABSENT, OR NON-RESIDENT PARTIES.—It is the duty of an administrator when instituting proceedings affecting the rights of absent or non-resident heirs or distributees of his intestate, to ascertain, or endeavor to do so, the residence or whereabouts of such absentees or non-residents, and to make oath thereof, if he knows, to the court, that a copy of the citation or publication may be sent to them by mail. This affidavit need not be separate from the petition if that state the non-residence, and be sworn to.

4. HUSBAND AND WIFE—PARTIES TO ACTIONS.—Generally, the husband *is a proper* party to all suits affecting the separate property of the wife, unless cause to the contrary bo shown.

5. INSOLVENCY OF ESTATES IN PROBATE COURT.—Where an administrator rendered the proper accounts of the debts and assets of his intestate, and the probate court was satisfied that the estate was insolvent, this court will not reverse or disturb a decree of insolvency made by the probate court, unless error appear affirmatively in the record. Proper service on the heir is necessary in order to give the probate court jurisdiction to order a sale of land.

Appeal from the probate court of Monroe county. WALLACE, J.

*Sale & Dowd*, and *Houston & Reynolds*, for the appellants, assigned the following errors:

1st. The court erred in decreeing a sale of the lands, the service of process and publication as to the heirs being defective.

2d. There was no proof of the insolvency of the estate.

A question presented is, the right of appellants to contest in this court, the regularity of the decree of the court below. The appellee, as administrator of Jarman, filed his petition in the probate court of Monroe county, suggesting the insolvency of the estate, and asking for a sale of the realty. After a decree of insolvency and sale, appellants, who are creditors of intestate, and embraced in the schedule filed with the petition, pray for an appeal to this court.

The statute, Rev. Code, art., 98, p. 448, provides that, at the time specified in the summons, the court shall proceed to hear the allegations, and examine the proofs of the executor or administrator, and also of other parties interested, and if satisfied, shall decree, etc. The creditors are parties under the statute, and have a right to introduce testimony and be heard; and consequently a right to be heard in this court.

2d. After the filing of the petition, a citation was issued for the heirs of the intestate, some of whom were adults, and some minors. The sheriff returns " executed on all the within named parties by reading to each of them the within process, they, each waiving the right of copy." This return, both as to adults and minors, was clearly defective.

1st. Because it does not conform to the requirements of the Code, which are, that process shall be executed personally, and by delivering defendant a copy. The copy may be waived, but the return is not evidence of it, and it must be established by proof in the ordinary way. As to the infants, it is defective, because it is not served personally. The reading of process to an infant of tender years, cannot be held to be sufficient service under our statute. It should have been read to the father or mother, with a copy.

3d. The publication as to J. E. Jarman, of Texas, is deficient in the following particulars : 1st. It does not state the residence of said Jarman, or that it could not be ascertained after diligent inquiry. 2nd. It does not state that a copy of the publication was mailed to the postoffice address of the defendant, nor does the order of the court require the clerk s o to mail it.

*Reuben Davis,* for the appellee.

The first error assigned is the decree of a sale of the land, the service of process and publication being defective.

The process was served, as the record shows, upon the minors in person, and this is all the statute requires. Rev. Code, art. 64, p. 489. The return shows that process was executed on the minors by reading it to them, and they waiving copy. The copy was not necessary, that part of the return was surplusage, and does not vitiate. The record shows that publication was made and the proof filed in the papers of the case.

Second error assigned: There was no proof of the insolvency of the estate. The petition, the number of claims against the estate, and the amount of indebtedness, and of the assets, real and personal, and the decree, show that the court was satisfied with the proof of insolvency.

SIMRALL, J.:

This case is brought to this court by appellants, creditors of Isaac H. Jarman, deceased, for the purpose of reviewing the decree of the probate court of Monroe county, in a proceeding by the administrator *de bonis non,* for the sale of the real estate. At the June term, A. D. 1869, of the probate court, Charles McClendon, administrator *de bonis non,* of Isaac H. Jarman, deceased, filed his petition for the sale of the lands and tenements of his intestate, suggesting that the personal estate was exhausted, and that both personal and real estate would not be sufficient to pay the debts, praying that the estate might be declared insolvent, and an order made licensing him to sell the real estate, which is specifically described in the petition. Subsequently, at the September term, 1869, a final decree was made, authorizing and directing the administrator to sell the lands, etc.

Two errors are assigned: 1st. The service of the process and publication as to the heirs, is insufficient. The citation was directed to R. A. Jarman, Ann Wood, wife of Frank Wood, adults, and to Hopkin Jarman, Bettie Jarman, Louisa

Jarman, Alice Jarman, G. Emmit Jarman, minors, for whom
R. A. Jarman is guardian, etc.   The return of the sheriff is as
follows: "Executed on all the within named parties by
reading to each of them a copy, each waiving a right of
copy."

In the case of Mullins et al. v. Sparks, executor, etc.,
decided at this term,[*] which was a suit in chancery, we
held that personal service on the infant was not complete
to uphold the judgment or decree affecting an infant,
unless the officer should affirmatively show that there was
neither father, mother, nor guardian, upon whom service
could be made.   Here the infants "waived a copy." It
may be well questioned, whether a minor can waive any
part of the formula of service.   It is part of personal
service to leave a copy with the defendant.   An infant
(except in special cases for specific object), has no power to
assent or make an election.   He cannot appear and defend
a suit in person, nor constitute an attorney to do so for him.
His rights are under the protection of the court, which
appoints a fit person to defend for him.

The infants could not have personally come into court and
waived citation and consented to the decree.   If the decree
ought not to be made on the pleadings and facts, such consent
would not have estopped them.   Before they can be divested
of their title to the realty, the record must show that they
were properly served and represented in court—that juris-
diction was acquired over them.   This is a jurisdictional fact,
which must appear of record, in order that the special statu-
tory cognizance over the lands of a decedent may vest in the
probate court.   Root v. McFerrin, 37 Miss. Rep., 45–47.
There is apparently some confusion in the statutes touching
service of process on infants.   The provision of law, under
which this proceeding was had (an application to sell lands
for payment of debts), requires a service on the guardian,
and that alone would be sufficient, if the subject were un-
affected by other provisions.   " If any of the distributees or

devisees be infants, the process shall be served on their guardian; and if no guardian has been appointed, the court shall appoint a guardian *ad litem.*" Rev. Code, art. p. 98, 449. A preceding article of the probate court law (32, p. 431), general in its terms and application, declares "no judgment or decree shall be binding, or shall conclude a minor having a guardian resident in this state, unless the guardian shall be served with process. If the guardian be a non-resident of the state, he may be brought in by publication," etc. If there be no guardian, the court shall appoint a guardian *ad litem,* and then its judgments shall be conclusive on such minors.

A still further article prescribes a mode of service very similar to that in the circuit court law. In proceedings for partition of lands devised or descended, the guardian must be summoned. From all this it is abundantly certain that in the several proceedings referred to in the statute, where the infant is a defendant, and his interests in property are to be affected, his guardian must be brought in by service of process, and only when the guardian is interested or fails to appear and defend for his ward, can the court appoint a guardian *pro hac vice.* The statute is imperative, that in insolvent proceedings, to convert the land into money for creditors, the guardian must be summoned. It was improper and erroneous, therefore, to appoint Woodhousie guardian *ad litem,* when it was manifested to the court that there was a legal guardian who had not been summoned. The contingency on which that may be done is when the guardian of the person and estate of the ward had been notified, but failed to appear and make defense, or was interested.

2d. The party applying for an order of publication against an absent or non-resident defendant, must state in an affidavit the residence of such absent or non-resident party, if the same can be ascertained, and the court shall direct the clerk to transmit by mail a copy of such order to such absent or non-resident party. Pamph. Acts of 1862, p. 264.

The only statement in the record as to the residence of J.

E. Jarman, the absent defendant, is in the petition of the administrator, which is as follows : " That the heirs and distributees of said Isaac H. Jarman are R. A. Jarman," and others (naming them), " all residents of Monroe county, except J. E. Jarman, who resides in ——— county, Texas." This petition is sworn to.

It is quite as complete a compliance with the statute to state in the petition the residence of the absent party if known, or if it cannot be ascertained on enquiry, so to aver as to make a separate affidavit. But before the order of publication can be made, and in order that the court may be advised as to the character of the order to be made, the applicant must state the residence, or if he cannot ascertain it, state that fact under oath, so that the court may be informed whether the publication alone will suffice when the residence cannot be ascertained, or whether in addition to the publication it shall direct the clerk to transmit a copy of the order to the party by mail, as must be done when the place of residence is known. Ingersoll v. Ingersoll, MS. Opinion.

It was the duty of the administrator to have " ascertained " the residence of J. E. Jarman. This implies that he must make inquiry. There is no doubt that with the use of a little pains he would have found out the residence. The absentee was one of the heirs and distributees of the intestate, who left a large family of co-heirs in the county where these proceedings were had. If affiant had made oath that after investigation he could not discover the residence of the absentee, then he could have been served by publication of the notice. We think that Frank Wood, husband of Ann Wood, one of the heirs, was a necessary party. Generally, the husband is a proper party in all suits affecting the wife's separate property, unless cause to the contrary be shown. In this instance the husband was interested with the wife in the subject matter, and had contingent rights also.

3d. The last error complained of is, there was no proof of insolvency. The law requires the administrator to exhibit

to the court, under oath, a true list or account of the lands, tenements, and a schedule of the debts due from the deceased. This has been done by the appellee. And if it shall appear to the court that the estate is insolvent, it shall make an order for the sale, etc. Code, p. 448, art. 98. We must presume that the probate court was satified that the estate was insolvent, and cannot, for such reason, disturb the decree, unless it affirmatively appears in the record to the contrary. If the matters stated in' the petition be true, or were proved to be true, there was manifest necessity to sell the lands. The personal effects had been exhausted in the payment of debts (except the slaves, which were emancipated), and the schedule of debts showed that apparently over $30,000 were due and unpaid. It were better for all concerned, heirs as well as creditors, if there were well founded doubt as to the regularity of the decree of sale, that the same should be set aside, rather than that the sale should go on, and breed, perhaps, hereafter, a controversy about the title and payment of the purchase money, and perhaps also injuriously affect the amount that would be bid at the sale.

Let the decree be reversed, and cause remanded for further proceedings, in accordance with this opinion.