Stayton v. Halpern.

## STAYTON v. HALPERN.

HOMESTEAD: *Right of minor child.*
   Under the constitution of 1874 the fee to the real estate of a decedent cannot be sold by order of the probate court for the payment of his debts, subject to the homestead right of his minor child. *McCloy v. Arnett,* 47 *Ark.,* 445.

APPEAL from *Monroe* Circuit Court.
M. T. SANDERS, Judge.

*John C. Palmer,* for appellant.

A sale by an administrator, to pay the debts of the intestate, of the homestead, while it was occupied as a homestead by the minor heirs, conveys no title. The sale is void. 31 *Ark.,* 140; 41 *Id.,* 97; 40 *Id.,* 74; 43 *Id.,* 434; 45 *Id.,* 384; 47 *Id.,* 445; *Thomp. Homest. & Ex.,* secs.78, 40, 165, 170–3; *Const. Ark.* 1874, *art. IX, sec.* 10.

*J. N. Cypert,* for appellee.

The sale was valid. The homestead right of the widow and minor under *Const.* 1874 is analogous to dower. It is only the use during life of widow and minority of children. They do not own the *fee.* The probate court has power under *sec.* 171, *Mansf. Dig., to order the sale.*

The *Const.* of 1868 was very different from that of 1874. See *Const.* 1868, *sec.* 5, *art.* 14, which exempts the homestead from payment of debts *in all cases* during minority of the children, &c. There is no such provision in the *Const. of* 1874. The case in 47 *Ark.,* 445, does not apply. The inheritance cast upon an heir can be sold for his own debts, and the same right would be liable for the debts of his ancestor.

Coates v. State.

COCKRILL, C. J.    The question arose upon demurrer to the answer of the appellee, who was sued by the appellants in ejectment, and is thus stated by the appellee's counsel :

" Can the fee to real estate be sold by order of the probate court, upon the petition of an administrator, for the payment of the debts of his intestate, subject to the homestead right of a minor child, under the constitution of 1874 ?"

*McCloy v. Arnett*, 47 *Ark.*, 445, where the subject is fully treated, answers a similar question, which arose under the homestead provisions of the constitution of 1868, in the negative.    The policy of exempting the homestead from sale after the death of the debtor for the benefit of the widow and the minor children, was continued by the constitution of 1874 without abating the right as it existed under the constitution of 1868 and the act of 1852.    *Garibaldi v. Jones*, 48 *Ark.*, 236 ; *Art* 9, sec. 6, *Const.* 1874.    The case of *McCloy v. Arnett*, therefore, controls this.    See too *Nichols v. Shearon*, 49 *Id.*, 75.

Reverse the judgment and remand the cause, with instructions to sustain the demurrer.