BENJAMIN T. ROODHOUSE

*v.*

HARRY W. ROODHOUSE *et al.*

*Filed at Springfield March 31, 1890.*

1. GUARDIAN AND WARD—*whether guardian may act for his ward— in partition—where the guardian and ward are tenants in common.* A guardian whose interest is hostile to that of his ward, is incompetent to act for his ward in respect to that interest.

2. Where a guardian and his ward are tenants in common of land, it will be error to decree a partition between them in a suit brought in the names of the guardian and the infant by such guardian, their interests being hostile. In such a case the ward should be made a defendant and have a guardian *ad litem*, or he should present his petition by his next friend or guardian *ad litem*.

3. The statute, which provides that an infant may petition, by his guardian or next friend, for the partition of land, means when such guardian or next friend is competent to act in the case. Where the interest of the guardian is hostile to that of his ward, the latter must be represented by counsel distinct from those representing his guardian.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. ALBERT G. BURR, Judge, presiding.

Mr. James R. Ward, and Mr. T. S. Chapman, for the plaintiff in error:

The private interests of the guardian were arrayed against his ward's interests, and their interests being hostile, the guardian was unable to represent his ward. Hill's Ch. 397.

An infant heir-at-law ought to be made a defendant, and not a plaintiff. 1 Daniell's Ch. Pr. 72.

A co-defendant may be appointed guardian *ad litem* if he has no adverse interest, but the plaintiff can not be appointed. *McAllister* v. *Moye*, 30 Miss. 263; *Davidson* v. *Bowden*, 5 Sneed, 133.

When the guardian has an interest in the litigation antagonistic to that of his ward, he should be removed and another appointed. *Simpson* v. *Alexander*, 6 Coldw. 619.

As to the guardian's interest disqualifying him to act, see *Bicknell* v. *Bicknell*, 111 Mass. 265; *Winston* v. *McLendon*, 43 Miss. 254; *Parker* v. *Lincoln*, 12 Mass. 16.

Mr. Mark Meyerstein, for the defendants in error:

By section 3, chapter 106, of the Revised Statutes, it is provided that "infants may petition by guardian or next friend." By section 4 of the same chapter it is provided, that "when an infant,—a person under guardianship,—is a defendant, he may appear by his guardian or conservator, or the court may appoint a guardian *ad litem* for each person," etc.

Minors having an interest in land should be made parties, either complainant or defendant. *Hickenbotham* v. *Blackledge,* 84 Ill. 318.

The fact that a necessary party is made a complainant when he might properly have been made a defendant, presents no obstacle, in equity, to a proper adjudication of the rights of the parties. *Sapp* v. *Phelps*, 92 Ill. 595; *Transportation Co.* v. *Gill*, 111 id. 554.

The guardian is the proper person to represent his ward in all legal proceedings. *Patterson* v. *Pullman*, 104 Ill. 86.

Mr. Justice Scholfield delivered the opinion of the Court:

This is a writ of error to bring in review a decree of the circuit court of Greene county, assigning dower in and making partition of lands whereof Peter Roodhouse died seized. The bill is filed by Harry W. Roodhouse and Benjamin T. Roodhouse, a minor, by Harry W. Roodhouse, his guardian, and prays the assignment of dower to the widow of Peter Roodhouse, deceased, and that the lands remaining be partitioned between the petitioners, his sole heirs-at-law. Commissioners were appointed, who assigned dower and made partition as prayed, and they reported their action to the court, and it was confirmed.

The only question that we think it necessary to consider is, whether it was error to partition the lands without having the minor represented by a guardian *ad litem* or a next friend. It is plain that the interests of the ward and the guardian were hostile, since what was given to the one was taken from the other. We have held, that it is error to render a decree for partition of the property of a minor unless he is actually represented in court, either by a guardian, a guardian *ad litem,* or a next friend. (*Cost* v. *Rose,* 17 Ill. 276; *McDaniel* v. *Correll,* 19 id. 226; *Rhoads* v. *Rhoads,* 43 id. 239; *Hall* v. *Davis,* 44 id. 494.) Our statute, it is true, provides that an infant may petition, by guardian or next friend, for partition of lands; (Rev. Stat. 1874, chap. 106, sec. 3;) but, upon the clearest principle, this means, when such guardian or next friend is competent to act in the case; and a guardian whose interest is hostile to that of his ward, is incompetent to act for his ward in respect to that interest. *Simpson* v. *Alexander,* 6 Coldw. (Tenn.) 619; *Parker* v. *Lincoln,* 12 Mass. 16; *Trustees* v. *McLendon,* 43 Miss. 254; *Wells* v. *Smith,* 44 id. 296. The minor should either have been made defendant, and had a guardian *ad litem,* or have petitioned by his next friend or guardian *ad litem,* and been represented by counsel distinct from those representing his guardian.

For the error indicated, the decree is reversed, and the cause remanded for further proceedings.          *Decree reversed.*