## PIONEER MORTGAGE CO. v. CARTER et al.

No. 10349—Opinion Filed Dec. 6, 1921.

(Syllabus.)

1. **Homestead—Death of Widow Leaving Minor Children—Administration Proceedings.**

Under and by virtue of section 6328, Rev. Laws 1910, the homestead, upon the death of the widow leaving unmarried minor children, is not subject to administration proceedings.

2. **Same—Liability of Homestead for Debts.**

By virtue of section 2, article 12, of the Constitution, and section 6330, Rev. Laws 1910, upon the death of the widow, leaving surviving unmarried minor children, the homestead is not subject to the payment of any debt or liability existing against the widow previous to or at the time of her death, except such as are secured by lien thereon, or as provided in the laws relating to the homestead.

3. **Same—Subjection of Homestead to Administration.**

The phrase "until it is otherwise disposed of according to law" in section 6328, Rev. Laws 1910, means: "It may be sold for taxes, or upon foreclosure of any mortgage thereon executed by both husband and wife, or upon execution to enforce judgment for the purchase price, or any part thereof, or the enforcement of mechanic's lien."

4. **Same — Mortgage by Administrator — Validity.**

An administrator filed a petition to mortgage certain land, alleging the deceased died seized of the same; notice was published of the hearing on said petition, and the court made an order authorizing the administrator to mortgage the same, and a mortgage was executed and approved by the county judge; thereafter the mortgagee commenced an action to foreclose said mortgage, and the minor children were made parties, and defended on the theory the land was their homestead, and the administrator nor county court had any jurisdiction of the homestead. Held, where the probate record does not affirmatively show an adjudication that the land was not the homestead, the minors may plead and prove said fact, and where the evidence is uncontradicted that the land was the homestead, the mortgage as to said minors is void.

5. **Same.**

The administrator or county court acquires no jurisdiction to mortgage the homestead of intestate, where she leaves surviving no husband, but unmarried minor children residing upon said homestead, and if said mortgage is executed, a court of equity has the power to set the same aside at the instance of the minor children.

Error from District Court, Woodward County; J. C. Robberts, Judge.

Action by the Pioneer Mortgage Company against O. B. Carter, administrator, and others to foreclose mortgage. Judgment for defendants, and plaintiff brings error. Affirmed.

Blair & Lillard and S. M. Smith, for plaintiff in error.

Charles Swindall, for defendants in error.

McNEILL, J. The Pioneer Mortgage Company commenced this action in the district court of Woodward county against O. B. Carter, administrator of the estate of Lulu C. Epps, deceased, and the children of Lulu C. Epps, some of whom are minors, to foreclose a real estate mortgage executed by the administrator October 20, 1911, and approved November 18, 1911, by the judge of the court.

A guardian ad litem was appointed for the minors, who filed an answer alleging that the land was the homestead of Lulu C. Epps, and had been occupied by her as

such for many years, and that said land was then the homestead of said minor children. It is alleged the land was not an asset of the estate of Lulu C. Epps, by reason of being her homestead, and the administrator never had any jurisdiction over said homestead or power or authority to execute a mortgage thereon.

Plaintiff filed a reply and attached thereto a copy of the proceedings of the county court authorizing the administrator to mortgage said land, which included the approval of the mortgage by the county judge, and pleaded the judgment of the county court ordering and authorizing said mortgage and confirmation of the same was res adjudicata and not subject to attack in this proceeding.

There is no dispute regarding the facts which are substantially as follows:

Walter E. Epps filed upon the land as a homestead, and with his wife and minor children lived on the same. Mr. Epps died before making final proof, and Lulu C. Epps, his widow, made final proof as the widow of the entryman and the patent was issued to her. Mrs. Epps died the 30th day of May, 1911. She occupied the land continuously from the time of obtaining the patent until the time of her death with her six minor children.

The following proceedings were had in the county court: On the 19th day of June, 1911, a petition was filed for the appointment of administrator of the estate of Lulu C. Epps, deceased. On the 19th day of July, 1911, O. B. Carter was appointed administrator and on said date filed his bond, took the oath of office, gave notice to creditors to present their claims; on the same date an order was made appointing appraisers, and on said date the administrator filed an application for an order to mortgage said land, alleging that the deceased at the time of her death was seised of the land in question, and the same was free from incumbrance; that she also possessed two head of milk cows, three horses, and farming implements; and alleged that the personal property was mortgaged, and it would be to the best interest of the estate to mortgage the real estate to pay the debts of said estate, or as much as was secured by chattel mortgages. On the 8th day of August the court made an order authorizing the administrator to execute a mortgage upon the real estate for the sum of $500 for paying the debts of the estate. The appraisers filed their report on the 21st of

August, 1911, listing the property of the estate as follows, to wit: Real estate, being the land in question, appraised at $1,500; two milk cows, $60; three horses, $150; the farming implements, $12.

Upon trial of the case to the court, the trial court held the mortgage void and rendered judgment against the plaintiff. From said judgment, the plaintiff has appealed.

For reversal the plaintiff in error contends that the order of the county court authorizing the administrator to mortgage said lands and the approval of said mortgage by the judge of the county court are res adjudicata and cannot be attacked in this proceeding.

The power and authority of the administrator to mortgage real estate belonging to the estate is that granted by section 6364, Rev. Laws 1910, which section was in force and effect at the time of executing the mortgage. The section has been amended since the execution of the mortgage, but this case is controlled by the section as it existed before the amendments. The section provides, in substance, that the county judge may, upon petition supported by testimony showing the best interests of the estate demand it, grant authority to the administrator to mortgage real estate belonging to the estate; provided that in no case shall authority be granted by said judgment to any administrator or guardian to mortgage said real estate for a greater sum than is necessary to pay the then existing debts and liabilities to which said estate or any part thereof is then legally liable to be ordered sold.

It is admitted in this case that the land was the homestead of the deceased and was occupied by the deceased and the minor children at the time of her death as such, and it is admitted that five of the children are minors, or were at the time of mortgaging the property.

We will first consider whether the administrator has any power or authority to mortgage the homestead for the payment of debts against the estate, and what jurisdiction the administrator has over the homestead.

Section 6328, Rev. Laws 1910, provides, in substance, as follows:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, **which shall not in any event be subject to administration proceedings, until it is other-**

wise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age."

Section 6330, Rev. Laws 1910, provides as follows:

"The homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such as are secured by lien thereon, as provided in the laws relating to homesteads."

Section 2, article 12, of the Constitution provides, in substance, that the homestead of the family shall be and is protected from enforced sale for the payment of debts.

Section 8417, Rev. Laws 1910, provides:

"The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration."

If we give force and effect to the sections of the statute above referred to and the Constitution, the land in question, being the homestead, was not subject to administration proceedings unless it comes within the provision of section 6328, supra, to wit: "Until it is otherwise disposed of according to law." This portion of the section of the statute was construed by this court in the case of Holmes v. Holmes, 27 Okla. 140, 111 Pac. 220, to mean:

"It may be sold for taxes; or upon foreclosure of any mortgage thereon executed by both husband and wife, or upon execution to enforce judgment for the purchase price or any part thereof, or in the enforcement of a mechanic's lien."

It is therefore apparent, under section 6328, Rev. Laws 1910, which provides "* * * the whole homestead, which shall not in any event be subject to administration proceedings, until it is otherwise disposed of according to law"—the land, being a homestead, was not subject to administration proceedings; and the administrator had no jurisdiction over the same. It is also apparent from section 2, article 12, of the Constitution, section 6330, Rev. Laws 1910, and section 6360, Rev. Laws 1910, that the homestead was not subject to payment of any of the debts of the deceased.

It is, however, contended that an inspection of the probate proceedings does not disclose that the land was the homestead, and therefore the order authorizing the administrator to mortgage the same is not void for want of jurisdiction, and not subject to collateral attack. The petition filed by the administrator to mortgage the land is silent regarding the fact that the land is the homestead, nor does it allege that the land is part of the assets of the estate, but simply refers to the fact that the deceased died seised of said land. The order of the court authorizing the administrator to mortgage the land does not make any mention or reference to the land as being the homestead, nor does the record disclose that this question was ever adjudicated by the county court. It is virtually conceded if the probate proceedings disclose that the land was a homestead of the deceased, the order of the court authorizing the administrator to mortgage the same would be void, because the the county court would have had no jurisdiction of the subject-matter, and the order would be subject to be attacked in a collateral proceeding. We are therefore confronted with but one question and that is, Where the administrator, in direct violation of section 6328, Rev. Laws 1910, attempts to administer upon the homestead and procures an order of the court authorizing him to mortgage the same, can the minors, in an action brought by the mortgagee to foreclose the mortgage, defend upon the ground that the land is a homestead, and the county court nor administrator had any jurisdiction over the land, and therefore the order of the court authorizing the mortgage is void?

No case has been cited and we have been unable to find any, where this exact question has been presented, although we have been able to find two cases where the exact question was presented where the lands were sold and the petition and order authorizing the sale and the order of confirmation were all silent regarding the land being a homestead, and the court held the proceedings void.

The Supreme Court of Wisconsin, in the case of Howe v. McGivern, 25 Wis. 525, where the facts were almost identical, stated as follows:

"An administrator's sale of land, made after the homestead law of 1850 took effect, held void as against the heirs, where the land is shown to have been the intestate's homestead, and the record in probate does not affirmatively show an ad-

judication, either that it was not a homestead or that there were debts contracted before the passage of that act, for which it was necessary to sell the land."

Paine, J., was inclined to think that if it had been duly alleged in the probate court, either that the land was not the decedent's homestead, or that there were debts contracted prior to 1850, for which it was necessary to make sale, and the record had shown a distinct adjudication to that effect, the decision could not be attacked collaterally. The point, however, is not decided.

In the body of the opinion the court stated as follows:

"But we are all agreed that whatever effect might be given to the order of license made by the probate court in this case, if the facts above indicated, involving the liability of the land to sale, had been alleged and determined, still, where this does not appear, the fact remains open as a jurisdictional one. In such case it does not appear that the court had exercised the power of determining whether the land was a homestead or not, and had proceeded to make its order only after deciding that it was not. The record is entirely consistent with the theory that it assumed the power to license the sale of an acknowledged homestead. Such an assumption of power would be clearly void for want of jurisdiction. This would be conceded if the fact appeared on the face of the record. But even where it does not so appear, but the record is still consistent with that theory, where it does not show that the court exercised the power which it may have possessed of deciding upon the fact, and the exercise of which might have concluded the parties, its order must remain liable to be defeated by proof that the subject-matter which it assumed to dispose of was not within its jurisdiction.

"Upon proof that the property was a homestead and not liable to sale by an administrator to sustain a title under such sale against the heirs, if it can be sustained in any event, the record of the probate court granting the license should show affirmatively an adjudication that the property was not the homestead, or that there were debts contracted prior to the act of 1850 for which it was necessary to sell it. In this record neither of these facts appears. There is no allegation upon them in the petition, and no finding upon them by the court; though it did appear and was recited in the license that the 40 acres authorized to be sold was all the land the decedent owned. This, of course, was not conclusive that it was his homestead though it rendered it highly probable, and tends to support the theory, with which the record is entirely consistent, that the probate court assumed the power to authorize the sale regardless of the question whether it was a homestead or not."

The Supreme Court of Illinois, in the case of Hartman v. Schultz, 101 Ill. 437, stated as follows:

"No sale can be rightfully made of the homestead by the administrator of the deceased householder to pay his debts, when the property does not exceed in value $1,000, until the exemption in favor of the widow and minor children has been in some mode terminated; and if such a sale is made, a court of equity has the power to set the same aside at the instance of the homestead occupant. The homestead, when not exceeding $1,000 in value, cannot even be sold subject to the homestead right."

In the case at bar, the patent to this land disclosed the deceased acquired the same under the homestead law. The records disclosed this was the only real estate possessed by her, and the application and order authorizing the administrator to mortgage the land are silent regarding the land being the homestead. We think, as stated by the Supreme Court of Wisconsin, the facts in this case support the theory that the administrator and county court assumed power and authority to mortgage the premises regardless of whether it was a homestead or not and no attempt was made to adjudicate the question of the land being a homestead. In referring to the Wisconsin case, Justice Brewer, in the case of Fudge v. Fudge, 23 Kan. 416, after reciting the facts as to whether the order of sale was a conclusive adjudication that the land was not the homestead, used this language:

"But we do not propose to decide that question now. The case of Howe v. McGivern, 25 Wis. 525, cited by counsel, makes against the suggestions above made, and that is as far as it does go."

In addition to the above case, several of the state courts have held that a sale of the homestead by an administrator was void: in most of these cases the fact of the land being a homestead was disclosed from an inspection of the record, while in some of the cases it is not clear whether the fact was disclosed from reading of the opinion. Supporting this principle are the following cases: Armour v. Lewis (Mo.) 161 S. W. 251; Holmes v. Mason (Neb.) 114 N. W. 666; Tindall v. Peterson (Neb.) 98 N. W. 688; Brandon v. Jenson (Neb.) 104 N. W. 1054.

The Supreme Court of Arkansas has held that the probate court had no jurisdiction to order a sale of the homestead to pay the debts of the decedent and the sale was void. Such is the holding in the following cases: McCloy v. Arnett, 47 Ark. 445, 2 S. W. 71; Stayton v. Halpern, 50 Ark. 329, 7 S. W. 304; Nichols v. Shearon, 49 Ark. 75, 4 S. W. 167; Bond v. Montgomery, 56 Ark. 565, 20 S. W. 525; Jarrett v. Jarrett (Ark.) 167 S. W. 482; Martin v. Conner (Ark.) 171 S. W. 125. While in most of the Arkansas cases the court attempted to sell the land subject to the right of the homestead of the minor children or widow, the court held the same was void.

The Court of Civil Appeals of Texas, in the case of Wade v. Scott, 145 S. W. 675, stated as follows:

"An order of the probate court, directing the sale of the homestead of a decedent, who left only a homestead occupied by his wife and unmarried daughter, and whose only debts were barred, is void, and will be set aside even in a collateral proceeding."

Woerner's American Law of Administration (2d Ed.) vol. 2, pages 1172 and 1173, states as follows:

"The homestead of a deceased person descending to his widow or minor children is likewise free from liability for debts, and therefore not subject to administration, hence the only authority of probate courts in respect thereto is, in most of the states, to set it out from the general estate. Since the very nature of the homestead exemption consists in its immunity from sale for debts, it is self-evident that no order of a probate court to sell the estate of a deceased person for the payment of his debts can in any manner affect the rights of the widow or children or both, as the case may be, to the homestead, unless the debts represent or constitute a title superior to that of the decedent."

The Supreme Court of Ohio, in the case of Wehrle v. Wehrle, 39 Ohio St. 365, stated in the syllabus as follows:

"A homestead having been assigned by metes and bounds, under the act of 1850 (2 S. & C. 1145; Rev. Stat. 9 5435 et seq.), to the widow and unmarried minor children of a decedent in a proceeding in the probate court by an executor to sell lands to pay debts, orders of such court in the proceeding, directing and confirming a sale of the real estate so assigned, subject to the homestead, and while the same is occupied as such homestead, are not merely voidable, but void."

In the body of the opinion the court used the following language:

"If the judgment or order is erroneous, it may be reversed; if it is irregular or informal it may be corrected on motion; in neither case, however, is it subject to collateral attack. But if the court in fact had no jurisdiction of the subject-matter, whether the case be in rem or in personam, or, in cases in personam, of the parties, and there is no finding of the court that it had jurisdiction of the parties, any judgment or order which may be rendered, however regular the same may be in matter of form, is a mere nullity, and may be so treated in a collateral as well as in a direct attack. The distinction is between a case where the court is clothed with power to act, in which case a judgment or order is valid, though it may be erroneous or irregular, and a case in which there was no power to act, in which case a judgment or order rendered on the assumed existence of such power, is a nullity. Plain as this distinction seems to be, there is sometimes difficulty in applying it."

The plaintiff in error, in support of its position that the county courts are courts of record in probate matters, and that the records in such courts import absolute verity and cannot be collaterally impeached as to any matter within the jurisdiction of said courts, relies upon the case of Greer v. McNeal, 11 Okla. 526, 69 Pac. 893, and cases following that rule. It will be noticed that this line of cases contain the following statement: "Matters within the jurisdiction of said court." This is the question for consideration, and which this line of cases do not touch upon, for the homestead under the statute is not subject to administration, and the county court has no power over the same except to make an order setting it aside for the use of the survivor or minor heirs.

In the case of Pennington v. Woodner McGaugh, 54 Okla. 110, 153 Pac. 875, the court used this language:

"The question of the homestead right of defendant in error was not before the county court, and was not passed upon in any of the proceedings taken therein shown in the record in this case. We therefore hold that this defendant in error was not precluded by the proceedings in the county court from asserting her right to possess and occupy the homestead."

If plaintiff in error's position is correct, we would have to assume that the county court in a proceeding to mortgage certain land, where the petition made no reference to the land being a homestead, proceeded to adjudicate the right of the minors to the homestead, and made no reference to this question in his orders. We think

the rule should not be extended in this manner for the purpose of giving the court jurisdiction over a subject-matter which the statute says it does not have jurisdiction of, in order to deprive minors of a homestead that was expressly reserved to them by the framers of the Constitution and the statutes.

This court, in the case of Barnard v. Bilby, 68 Oklahoma, 171 Pac. 444, in dealing with the question of jurisdiction of the county court to sell the homestead allotment of a minor Creek freedman to pay the debts of the deceased, where the administration proceedings did not disclose that the land was a homestead, but was silent on that question, stated as follows:

"We agree with the holding in these cases that the county courts are courts of record in probate matters, and that the records in such courts import absolute verity, and cannot be collaterally impeached as to any matter within the jurisdiction of said courts."

The court in the body of the opinion used this language:

"It is well settled that probate courts do not have jurisdiction to authorize an administrator to sell lands that are not assets of the decedent's estate for the payment of the decedent's debts, or for any other purpose. Was the land sold assets of the deceased's estate? In Mutual Life Insurance Company of New York v. Farmers' & Mechanics' Nat. Bank of Cadiz, Ohio (C. C.) 173 Fed. 390-397, it is held that the term 'assets,' as applied to decedents' estates, means property, real or personal, tangible or intangible, legal or equitable, which can be made available for or may be appropriated to the payment of debts. See, also, 3 Cyc. 1111.

"Since under the acts of Congress above cited, which control in these matters, the land was not subject to the payment of the debts of the deceased, it did not become assets of the estate in the hands of the administrator, and therefore the county court of Wagoner county did not obtain jurisdiction to hear and determine whether or not said land was subject to sale for the payment of the debts of the deceased or the expenses of administration."

The court further in the opinion used the following language:

"In this jurisdiction, as in practically all jurisdictions, the purchaser is bound to take notice that the administrator, as the representative of the deceased, is authorized to sell only such property as came into the administrator's hands as assets of the decedent's estate. It is the duty of the purchaser at such a sale to examine the record

and title to the land, in order to know what he is buying."

The case of Barnard v. Bilby, supra, was followed in the cases of Ansley v. Gault, 72 Oklahoma, 179 Pac. 16, and Lewis, v. Gillard, 70 Oklahoma, 173 Pac. 1136. The case of Barnard v. Bilby is similar to the case at bar to this extent: The act of Congress provided the homestead was not subject to the payment of debts of the deceased, and was therefore not an asset. In the instant case the statute provides that the homestead shall not be subject to administration, and another section of the statute and a section of the Constitution provide the homestead shall not be liable for the debts of the deceased. In one instance the county court had no jurisdiction for the reason the act of Congress provided that the county court had no jurisdiction to dispose of the homestead as an asset. In the case at bar the statute and Constitution provide that the homestead is not an asset of the estate and is not subject to sale for the payment of debts, and in no event shall be subject to administration. But in both cases the proceedings were silent regarding this question.

Counsel for plaintiff in error rely upon the case of J. B. Watkins Land Mortgage Co. v. Mullen (Kan.) 61 Pac. 385. We think this case can be distinguished. In that case it is conceded the court had jurisdiction of the subject-matter, to wit, the homestead; the court had jurisdiction to order the same sold, provided the debts were created after the homestead was acquired. But under our statute the homestead is not subject to administration. The question decisive of the Kansas case was not whether the court had jurisdiction of the homestead, but the question was whether the land was liable to be sold for the particular debts, and the court held this question of fact was adjudicated.

The case of Doran v. Kennedy (Minn.) 141 N. W. 851, is also cited and relied upon. We think that case can likewise be distinguished, for the following reasons: First, the probate court in that state had jurisdiction over the homestead, and had power and authority to authorize the sale of the same to pay certain obligations, while in our state the court has no power or authority to order a sale of the homestead to pay any class of debts. In the above case there were no minor heirs, but the heirs did appear at the probate hearing and contested the right to sell the real estate for the reason that the debts

were contracted prior to the time of issuing the patent. The court decided this question against the heirs, and the heirs failed to appeal. The distinction between the cases relied upon by plaintiff in error and the case at bar is that the Kansas and Minnesota statutes contain no such provision as ours, to wit: That the homestead shall not be subject to administration; second, that the homestead shall not be subject to the payment of any debts of the decedent. The only jurisdiction the county court of this state has of the homestead is to make an order setting the same aside to the survivor or minor children, or to renew a mortgage already existing upon the homestead, and the rights as they may have regarding the final settlement of the estate.

The case of Sigmond v. Bebber (Iowa) 73 N. W. 1027, has likewise been cited. This case is likewise subject to the same distinction as the cases above. If Iowa has any such statute which provides that the homestead shall not be subject to administration, it is not mentioned nor considered by the court. The court in the opinion intimates that, no matter what kind and character of a judgment was rendered by the court. the same cannot be collaterally attacked. We think the court in dealing with this question did not consider all the necessary elements to be considered in determining whether a judgment is valid. This court, in the case of Oklahoma City v. Corporation Commission, 80 Okla. 194, 195 Pac. 498, stated as follows:

"A successful collateral attack can be made against the validity of a judgment of a court of general or limited jurisdiction when it affirmatively appears from an inspection of the judgment roll that either of the three following elements is absent, to wit: (1) Jurisdiction over the person; (2) jurisdiction of the subject-matter; and (3) judicial power to render the particular judgment. If either of these three elements is shown by the judgment roll to be missing, the judgment is void on its face; that is to say. it is void on the face of the record, and, being void, it will be so held and treated whenever and wherever and for whatever purpose it is sought to be used or relied on as a valid judgment."

It being admitted in this case that the land was the homestead of the deceased, it therefore follows it was not assets of the estate, and under the statute was not subject to administration, and the county court acquired no jurisdiction over the subject-matter, and the order attempting to mortgage the homestead was void.

The judgment is therefore affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.