PFISTER v. JOHNSON et al.
No. 499.

District Court, N. D. Oklahoma.
Feb. 15, 1936.

Geo. S. Ramsey, Christy Russell, and John S. Robinson, all of Tulsa, Okl., for plaintiff.

R. L. Davidson, W. I. Williams, and Lashley & Rambo, all of Tulsa, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

The plaintiff prosecutes this action to cancel conveyances, quiet title, and for an accounting. By the plaintiff's bill of complaint it is alleged the defendants assert title to the land in controversy through certain probate proceedings had in the county court of Tulsa county, Okl.; that Emma Drew, plaintiff's mother, died intestate, February 13, 1913; that she left plaintiff as her sole and only heir; that plaintiff on the date of death of Emma Drew was a minor about two years of age; that the 110 acres of land involved was the homestead of Emma Drew, deceased; that on March 10, 1913, the county court of Tulsa county appointed S. D. Shirk administrator of the estate of Emma Drew, deceased, and on the same date appointed the same S. D. Shirk guardian of the plaintiff; that on April 8, 1915, Shirk as administrator filed his petition in the county court to sell the 110 acres of land to pay debts and expenses of administration. The petition filed by Shirk is attached to the bill of complaint and made a part thereof. The petition filed by the administrator to obtain the order of sale is silent in describing the real estate sought to be sold as to whether any of it constituted the homestead of the deceased. The bill of complaint alleges that a purported waiver of the heirs of said decedent, and consent to the order of sale executed by S. D. Shirk, as guardian for Tulsa Drew, the minor heir of said deceased, in effect constituted no process or notice to the minor heir, and that the county court was therefore without jurisdiction to decree the sale of the land involved herein. The bill further charges the administrator with fraud in that he concealed from the county court the fact that the land involved was the homestead of Emma Drew, and not subject to administration or sale for the payment of the debts of the deceased.

The defendants have filed a motion to dismiss the bill. The defendants' counsel by written brief and oral argument contend that the written waiver signed by the legal guardian waiving notice of a hearing on the administrator's petition to sell the property is sufficient to dispense with the giving of notice as provided by statute, and if it was not sufficient the proceeding to sell the land involved to pay the debts is a proceeding in rem, and that the giving of notice is merely a procedural step in the proceeding, and the failure to give the notice does not render the proceeding void or subject to collateral attack. Further, that the allegations of the bill in reference to the character of the land as a homestead was adjudicated in the administration proceedings, and that the order of sale and decree of confirmation of the sale cannot be collaterally attacked on the ground that the land was the homestead of the deceased, and as to the fraud pleaded in the bill, that the complaint is wholly insufficient to state a cause of action to avoid the probate proceeding, because the only fraud relied upon is intrinsic fraud and not extrinsic.

Volume 1, art. 13, c. 8, §§ 1263 to 1297, inclusive, of Oklahoma Statutes 1931, provide the procedure to be followed in the sale of personal and real property of deceased persons. The statutes authorize the administrator to sell real estate of the deceased for the purpose of paying debts. Section 1276 provides for the filing of proper petition to obtain such order of sale, generally setting forth the condition of the estate and "general description of all the real property except the homestead, of which the decedent died seized." Section 1277 provides for the hearing of such petition. The court must enter an order directing all parties interested in the estate to appear before the court at the time and place specified, in not less than four or more than ten weeks from the time of making such order, to show cause why an order granting authority to make the sale should not be granted to the executor or administrator. Section 1278 provides for the posting of the order to show cause in three public places in the county, one of which shall be at the courthouse where the hearing is to be held, and a copy personally served on all persons interested in the estate, and any general guardian of a minor so interested who are residents of the county, at least ten days before the hearing set: "provided, that if all persons interested in the estate join in the petition for the sale, or signify in writing their assent thereto, no notice thereof shall be required and the court shall proceed at once to hear the same."

Section 1442, Okla.Stats.1931, provides: "Whenever an infant or an insane or incompetent person, has a guardian of his estate residing in this State, personal service upon the guardian of any process, notice, or order of the county court concerning the estate of the deceased person, in which the ward is interested, is equivalent to service upon the ward; *and it is the duty of the guardian to attend to the interests of the ward in the matter.* Such guardian may also appear for his ward, and waive any process, notice, or order to show cause which an adult or a person of sound mind might do."

Section 1279 provides: "If all persons interested in said estate do not file in court their written consent to such sale, the county court, at the time and place appointed in such order or at any oth-er time to which the hearing may be postponed, upon satisfactory proof of service, * * * of the order to show cause, * * * by affidavit or otherwise, must proceed to hear the petition, and hear and examine the allegations and proofs of the petitioners and of all persons interested in the estate who may oppose the application."

Then the various sections of the statutes provide for entering proper order where sufficient showing is made upon the hearing.

Section 2, art. 12, of the Oklahoma Constitution declares that the homestead of the family shall be and is hereby protected from forced sale for the payment of the debts, except for the purchase money thereof, for taxes, or material used in improvements thereon, and the owner of such homestead, if married, must have the consent of his or her spouse, given in such manner as prescribed by law for the sale of such homestead.

Section 1223, O.S.1931, provides upon the death of either husband or wife, the survivor may continue to occupy the homestead, which shall not in any event be subject to administration proceedings; and upon the death of both husband and wife the children may continue to possess and occupy the homestead until the youngest child becomes of age.

Section 1225, O.S.1931, provides the homestead is not subject to any debt or liability contracted by or existing against the husband or wife or either of them previous to, or at the time of death, except such as are protected by lien in the laws relating to homesteads.

It appears to be settled under the applicable constitutional and statutory provisions the homestead right upon the death of the deceased inured to the benefit of the plaintiff herein, and according to the allegation of the bill was not subject to administration.

See Pioneer Mortgage Co. v. Carter, 84 Okl. 85, 202 P. 513; Bledsoe v. Green, 138 Okl. 15, 18, 280 P. 301, 303; Miller v. Farmers' State Bank of Temple, 137 Okl. 183, 279 P. 351, 353. Such property is not an asset of the estate.

It seems to be conceded that the county court has no jurisdiction to order the sale of the homestead for the payment of debts, but it is argued that the court adjudicated that the property ordered sold

was not a homestead when the decree was entered. It is a general rule supported by many authorities that in a court of record of general jurisdiction, it will be presumed that the court found sufficient facts to sustain the decree, although the decree may be silent as to the particular facts necessary to support it; but the Supreme Court of Oklahoma, in Pioneer Mortgage Company v. Carter, supra, held that where the probate record is silent as to the homestead character of the property sought to be sold in an action to vacate the sale, such homestead right may be established. This rule was adhered to in the case of Ward v. Cook, 152 Okl. 234, 3 P.(2d) 728.

See Rinio v. Kester, 99 Mont. 1, 41 P.(2d) 405.

The Supreme Court of Oklahoma has uniformly held that allotted lands of restricted Indians are not subject to administration, and do not constitute assets of the estate of the deceased allottee, and that any order of sale in probate proceedings of such property is a nullity. Eastern Oil Co. v. Harjo, 57 Okl. 676, 157 P. 921; Barnard v. Bilby, 68 Okl. 63, 171 P. 444; Bilby v. Noble, 106 Okl. 302, 234 P. 198; Cowokochee v. Chapman, 90 Okl. 121, 215 P. 759, certiorari denied 263 U.S. 713, 44 S.Ct. 132, 68 L.Ed. 520, writ of error dismissed 267 U.S. 572, 573, 45 S.Ct. 227, 69 L.Ed. 794.

The case of Magnolia Petroleum Co. v. Mayer, 58 F.(2d) 48 (C.C.A.10), held that the probate proceedings in that case, where the petition for a sale filed by the administrator alleged that the real estate sought to be sold was exclusive of the homestead, adjudicated that the property sold was not a homestead and sustained the sale. The court determined that all of the interested parties had had the required notice as provided by statute, and that proceedings by the administrator to sell the real property of the estate to pay debts is a proceeding in rem; that the giving of notice required by statute is procedural and not jurisdictional. But it may be here observed that since the decision in this case the Supreme Court of Oklahoma has definitely ruled that administration proceedings for the sale of real estate to pay the debts of the deceased are adversary proceedings, and that failure to give the heirs notice of the proceedings for the sale of real estate by the administrator and an opportunity to be heard in opposition thereto makes the order of sale void. Seal v. Banes, 168 Okl. 550, 35 P.(2d) 704; Johnson v. Hood (Okl. Sup.) 46 P.(2d) 533.

I have no doubt of the soundness of the rule announced in these cases. No adversary proceeding ever reaches the dignity of a judicial proceeding without jurisdiction in the court and an opportunity to be heard pursuant to legal notice. The many Oklahoma cases following the rule announced in Eaves v. Mullen, 25 Okl. 679, 107 P. 433, holding that the sale of the real estate of a minor by the guardian is not adversary, are in accord with the great weight of authority in so far as guardianship sales are involved. The guardian sells the land for the benefit of the ward, and the guardian acts under the order of the court in the interest of the ward and his estate. The sale of the real estate by the guardian is not an adversary proceeding. But where an administrator petitions to sell real estate of the deceased for the benefit of the creditors of such estate, and to the extent that he sells the real estate, he thereby deprives the heirs of their inheritance, and it cannot be said in reason that such proceedings are not adversary and hostile to the heirs. The Oklahoma Supreme Court having determined that such proceedings are adversary and the requirements of the statute as to notice of the application for an order of sale are mandatory, it is the duty of federal courts in an action involving such a proceeding to follow the decisions of the state court construing such statutes, unless the defendants had purchased the property relying upon controlling decisions of the state court prior to the date of sale. Jackson v. Harris (C.C.A.) 43 F.(2d) 513; Ætna Life Insurance Co. of Hartford v. Wertheimer (C.C.A.) 64 F.(2d) 438; Kuhn v. Fairmont Coal Co., 215 U.S. 349, 30 S.Ct. 140, 54 L.Ed. 228.

It appearing from the allegations of the bill that the administrator who instituted the proceedings to obtain an order of sale had also procured an order appointing himself guardian of the minor heir interested in the estate, plaintiff in this action, such administrator thereby disqualified himself to represent the interest of said minor. His actions in instituting the sale proceedings were adverse to the minor for whom he had been appointed guardian. His actions in attempt-

ing to waive notice of the hearing and consent that the decree of sale be entered constitutes such a gross fraud upon the rights of the minor as a matter of law, that the judgment roll of such a proceeding is sufficient to put any purchaser upon notice as to the invalidity of such proceedings. The judgment roll disclosed, considering the disqualification of the guardian to represent the interest of the minor upon the application of the administrator for the order of sale, that the minor was denied any hearing or representation in the obtaining of the order of sale. Such conduct brings the actions of the administrator within the exception to the general rule announced by the Supreme Court of the United States in United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93. The court, speaking through Mr. Justice Miller, in discussing the necessary extrinsic fraud to set aside a judgment or decree between the same parties, said:

"But there is an admitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. See Wells, Res Adjudicata, sec. 499; Pearce v. Olney, 20 Conn. 544; Wierich v. Dé Zoya, 7 Ill.[2 Gilman] 385; Kent v. Ricards, 3 Md.Ch. 392 [396]; Smith v. Lowry, 1 Johns.Ch.N.Y. 320; De Louis v. Meek, 2 Iowa (G.Greene) 55 [50 Am.Dec. 491].

"In all these cases, and many others which have been examined, relief has been granted, on the ground that, by some fraud practiced directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court."

The minor by the actions of the administrator was deprived of the right to be heard upon the application to obtain the order of sale. In fact, the minor heir had no hearing at all, nor any representation, because of the disqualification of her guardian to represent her according to the allegations of the bill. Roodhouse v. Roodhouse, 132 Ill. 360, 24 N.E. 55, 22 Am.St.Rep. 539; Townsend v. Tallant, 33 Cal. 45, 91 Am.Dec. 617; Sandoval v. Rosser (Tex.Civ.App.) 26 S.W. 930; Id., 86 Tex. 682, 26 S.W. 933; John A. Winston & Co. v. McLendon, 43 Miss. 254; Ream v. Wolls, 61 Ohio St. 131, 55 N.E. 176; Tankersly v. Pettis, 61 Ala. 354; Prince v. Clark, 81 Mich. 167, 45 N.W. 663; Byrne v. Byrne, 94 Cal. 576, 29 P. 1115, 30 P. 196.

The attempt of the administrator to represent the minor in the application for authority to sell the land amounted to nothing more than a sham, a fraud, and a meaningless formality. Washington ex rel. Oregon R. & N. Co. v. Fairchild, 224 U.S. 510, 32 S.Ct. 535, 56 L.Ed. 863.

The motion to dismiss is denied.