ROCKEFELLER, RESPONDENT, *v.* DELLINGER, APPELLANT.

[No. 1,053.]

[Submitted March 1, 1899.    Decided April 10, 1899.]

*Partnership   Real   Estate — Creditors   of   Firm   Members — Rights.*

1.  Where a partnership purchased lands with firm property, taking the title in the name of the firm members individually, and then mortgaged the lands to obtain money for the firm business, the mortgage was superior to an earlier judgment against one of the members of the firm.
2.  Although a partnership, as such, cannot hold the legal title to land, it may in equity own real estate, without reference to the title at law; it being of no importance who holds the legal title, or how he came by it, excepting so far as these facts express or reveal the intention of the partnership.
3.  Since the question whether the lands were partnership property was determined by the intention of the partners at the time of purchasing them, the mortgage was superior to such judgment, even though none of the moneys realized therefor were devoted to the partnership business.

*Appeal from District Court, Deer Lodge County; Theodore Brantly, Judge.*

ACTION by I. M. Rockefeller against D. N. Dellinger, impleaded with others. There was a decree for plaintiff, and defendant Dellinger appeals. Affirmed.

*Ed. Scharnikow* and *William H. De Witt,* for Appellant.

That real estate is held in the names of several persons and that such persons are partners, however, is not alone sufficient to establish its partnership character. (*Thompson* v. *Bow-*

*man*, 6 Wall (U. S.) 316; *Guilbeau* v. *Melancon*, 28 La. Ann.
627; *Blake* v. *Nutter*, 19 Me. 16; *Lindley* v. *Daon*, 7 Mont.
210; 17 A. and E. Enc. Law, p. 945.) The universal Ameri-
can doctrine is that real estate purchased with partnership
funds is in equity regarded as personal property so far only
as may be necessary for the payment of debts and the adjust-
ment of partnership accounts, the balance retaining all the in-
cidents of real property.    (17 A. and E. Enc. Law p. 945,
and cases cited.)    In order that real estate conveyed to two
persons who are partners may be held to be partnership prop-
erty, as against the individual creditors of either of the part-
ners it must appear that such property was not only secured
with partnership funds, but also used as partnership property,
and treated as such by the partners.    Otherwise they hold as
tenants in common, and a mortgagee claiming the property as
partnership property, must show that before lending, he knew
that the property was so used and treated as partnership prop-
erty, in order to defeat the claim of lien of a creditor of one
of the partners.    (17 A. and E. Enc. Law, p. 946; *Johnson*
v. *Clarke*, 18 Kan. 157; *Hogle* v. *Lowe*, 12 Nev. 286; *Black*
v. *Seipt*, 12 Phila. (Pa.) 360; see *Pepper* v. *Pepper*, 24 Ill.
App. 316.)

*George B. Winston*, for Respondent.

PIGOTT, J.—Action to foreclose a mortgage upon lot 2 in
block 117 in Anaconda, Deer Lodge county, known as the
"Cottage Home Property," made by defendants Root and
Vineyard to secure the payment of their note for $2,000 to
plaintiff, made September 17, 1892.    The complaint alleges,
among other things, that the defendants Samuel D. Root and
Gordon C. Vineyard were co-partners in a certain patent for
improvements in cable railways, and in the sale, introduction
and operating thereof; that contemporaneously with the exe-
cution of the note and mortgage, and as part of the same
transaction, they, as such co-partners, purchased from one
Parrott the land affected by the mortgage, and that the sum
mentioned in the note was lent by plaintiff, and borrowed by

them as co-partners, for the purposes of the partnership business; that the land mortgaged was partnership property, and was paid for with assets belonging to the partnership; and that the defendant Dellinger claims some interest in or lien on the land, which interest or lien is subject to the lien of plaintiff's mortgage. Dellinger, in his answer, denies the averments of the complaint with respect to the partnership, and affirmatively sets up that on April 1, 1892, he recovered judgment in the district court of Deer Lodge county against defendants Vineyard and wife for $2,177.50, which was duly entered and docketed on that day, and remains wholly unpaid; that the same is a lien upon the land prior and superior to that created by the mortgage,—and prays for a decree that out of the proceeds derived from the foreclosure sale he be paid the amount of his judgment, as a first lien and charge upon the lands and such proceeds. The court found, in effect, that Dellinger recovered a judgment against Vineyard and wife as alleged in the answer, which judgment was duly docketed on April 1, 1892; that on September 17, 1892, defendants Gordon C. Vineyard and Samuel D. Root bought from Parrott the Cottage Home property, and as part of the same transaction, so far as they were concerned, executed to plaintiff a mortgage thereon, to secure the payment of the $2,000 then borrowed, and represented by the note; that, at the time of the purchase from Parrott, Root and Vineyard were co-partners, as alleged in the complaint, under the firm name of Vineyard & Root; and that the consideration of the conveyance by Parrott to them was an interest in the co-partnership assets; that the purchase was a partnership transaction, and the conveyance, though made to them as individual persons was also a partnership transaction; that the land belonged to the co-partnership, and that the mortgage was executed for the purpose of raising money to further the partnership enterprise in connection with the tramway device, and to pay certain partnership debts; that the lot so purchased and mortgaged was not used for any partnership purpose, other than to raise the money, the payment of which was se-

cured by the mortgage; and that $1,300 of the sum so bor-
rowed from plaintiff were used for the payment of certain
partnership debts, and in the partnership business. As matter
of law, the court concluded that the judgment lien of Dellin-
ger is inferior to the mortgage lien of plaintiff; that plaintiff
is entitled to have the full amount of his mortgage declared a
first lien on the land, and to a sale thereof in satisfaction; that
Dellinger is entitled to have any overplus resulting from the
sale, not exceeding a moiety, applied in or towards the satis-
faction of his judgment. A judgment and decree were en-
tered accordingly, and therefrom, as well as from an order
refusing a new trial, Dellinger appeals.

1. The first assignment of error is that the evidence is in-
sufficient to justify the finding that, out of the $2,000 bor-
rowed of plaintiff, the sum of $1,300 was used for the benefit
of the partnership. Abundance of testimony was adduced
tending to prove the fact so found, and the finding cannot be
disturbed. The other findings, all of which are based upon
uncontradicted evidence fully justifying them, are conceded to
be correct.

2. The conclusion of the court that Dellinger's judgment
lien was inferior to plaintiff's mortgage lien, as against Vine-
yard, to the full amount of the mortgage, is attacked as not
supported by the findings of fact; the contention being that
the mortgaged land itself was never actually used in the part-
nership business, and that only a part of the money borrowed
from plaintiff upon the mortgage was used by the firm. From
this it is argued that the land purchased of Parrott was owned
by Root and Vineyard individually, as mere tenants in com-
mon, and that, therefore, the lien of Dellinger's judgment at-
tached to Vineyard's undivided half interest immediately upon
the delivery of the conveyance of September 17, 1892. Plaint-
iff's position is that the land was partnership real estate, and
that his mortgage is a lien superior in right to the lien of
Dellinger.

From the time it is docketed, a judgment becomes a lien
upon the nonexempt real property of the judgment debtor

then owned or within six years thereafter acquired, by him, and situate in the county where the docket is kept. (Compiled Statutes 1887, First Division, Sec. 307; Code of Civil Procedure of 1895, Sec. 1197.) It is not a specific lien, or a lien *in rem.* It affects or charges only the actual interest of the debtor in the land,—the subject of the ownership,—and does not create a preference over, but is subject to, all prior legal or equitable titles in other persons. (*Vaughn* v. *Schmalsle,* 10 Mont. 186, 25 Pac. 102; *Page* v. *Thomas,* 43 Ohio St. 38, 1 N. E. 79, and 54 Am. Rep. 788; *Harney* v. *First National Bank,* 52 N. J. Eq. 697, 29 Atl. 221.) When Dellinger's judgment was docketed, Vineyard had no interest in the land. Whatever interest he afterwards held was acquired by the conveyance of September 17, 1892, and to such interest the lien attached. What was that interest? Although a partnership, as such, cannot hold the legal title to land, it may in equity own real estate, without reference to the title at law; it being of no importance who holds the legal title, "or how he came by it, excepting so far as these facts express or reveal the intention of the partnership." (Parsons on Partnership (4th Ed.) Sec. 267.) "Nor does it seem to be material in what manner or by what agency the land is bought, or in what name it stands. It may be conveyed to all the partners as tenants in common, and this, perhaps, is the usual and best way. * * * Nor is it necessary that the trust (in favor of the partnership) should be expressed; for, however proper and expedient this is, yet, if the trust be wholly omitted, and have no existence on record, the law will sometimes, and equity always, supply this want, and treat the ownership as a distinct trust, if only the trust exist and is capable of proof, and the land be in fact and substance partnership property." (*Id.* Sec. 265.) The deed runs to Gordon C. Vineyard and Samuel D. Root as grantees, from which the inference arises, *prima facie,* that they took, not as partners, but as tenants in common; each owning an undivided half interest. Unless rebutted, this inference is conclusive, and Dellinger's judgment would be a lien on the half interest of Vineyard superior to

plaintiff's mortgage thereon. Assuming, as we do, that the conveyance by Parrott was prior in point of time to the mortgage by Vineyard and Root, there was an appreciable interval between these two instruments of September 17th, during which the judgment of Dellinger would become a lien upon the interest belonging to Vineyard. If the land was acquired and held by Vineyard and Root as partnership property, the mortgage, though executed subsequently to the transfer by Parrott, and not connected with it, would take precedence of the lien of the judgment; for in that case the only interest Vineyard could have in the land would be his share therein, or his proportion of the residue thereof after settlement of all partnership affairs, including liabilities incurred after the conveyance. (*Page* v. *Thomas, supra.*) Until such settlement were made, creditors of the partnership might by legal process subject the land to the payment of their demands; and the co-partnership, the owner in equity, in the name of and by its members, in whom, collectively, is the whole legal title as well as the equitable ownership, might mortgage the land, thereby creating a lien superior to that theretofore imposed by the docketing of a judgment against one of the partners.

The consideration for the conveyance by Parrott of the Cottage Home property was the assignment to him by Root and Vineyard, as co-partners, of an interest in the partnership assets. The mortgage to plaintiff was made for the purpose of raising money to further the partnership business, and to pay certain partnership debts. The purchase from, and the deed of conveyance by, Parrott, was a partnership transaction. These facts are sufficient to establish the partnership character of the land purchased from Parrott and mortgaged to plaintiff. The intention of the parties at the time the conveyance was made is the proper criterion by which to determine whether the real estate granted to them then became a portion of the partnership assets. To evince presumptively the intention to take and hold land as partnership property, which has been conveyed to the several copartners, nothing need be shown, except that the land was purchased with partnership assets or

funds; and, in the absence of all circumstances tending to prove the intention to have been otherwise, that presumption will usually control and be decisive. As an aid in ascertaining the intention or design of the grantees, it is proper to receive evidence with respect to any matters having a tendency to disclose that intention, whether occurring before or after the purchase. To make the land conveyed to the partners as individual persons partnership property, it is not absolutely indispensable that the land should be actually used for partnership purposes; but evidence that it was so used is some evidence that the conveyance is to be treated as granting to the partnership the equitable ownership, and that the conveyance is not to have the legal effect of making the grantees simply tenants in common. These rules are supported by reason, and in accord with the decided weight of authority. (*Hoxie* v. *Carr*, 1 Sumn. 173, Fed. Cas. No. 6,802; *Smith* v. *Smith*, 5 Ves. Jr. 189; *Hunt* v. *Benson*, 2 Humph. 459; *King* v. *Weeks*, 70 N. C. 372; *Buchan* v. *Sumner*, 2 Barb. Ch. 165, 47 Am. Dec. 305; *Collumb* v. *Read*, 24 N. Y. 505; *Fairchild* v. *Fairchild*, 64 N. Y. 471; George on Partnership, Secs. 45, 48; *Goldthwaite* v. *Janney*, 102 Ala. 431, 15 South. 560, 48 Am. St. Rep. 56, and note on page 67; note to *Page* v. *Thomas* (Ohio Sup.) 54 Am. Rep. 793, and cases there cited (s. c. 1 N. E. 79); and see *McKinnon* v. *McKinnon*, 5 C. C. A. 530, 56 Fed. 409.)

In the case at bar the court found, and the evidence tends to show, not only that the land was bought with partnership assets, and for partnership purposes, but that it was mortgaged in order that the partnership might thereby obtain money for use in furthering the business of the firm. True, the land was not physically devoted to the active prosecution of the tramway enterprise, but it unquestionably was devoted to a purpose within the scope of the partnership. Had none of the money raised by the mortgage been applied to partnership uses, the result would not be different; for failure to apply the money to the use of the partnership would serve only as an item of evidence, tending to prove that the intention of

Root and Vineyard was to acquire and hold the land as tenants in common, and not in trust for the co-partnership.

As we have said, there is no attack upon the findings of the court that the conveyance by Parrott was in consideration of an interest in the partnership assets of Vineyard & Root, that the purchase and the conveyance were partnership transactions, and that the mortgage was executed for the purpose of raising money for the benefit of the partnership. These findings are amply sufficient to justify the conclusions of law and the decree of the court in favor of the plaintiff, even if the evidence had disclosed that none of the money borrowed from plaintiff was used by the partnership.

Let the judgment be affirmed.

*Affirmed.*

HUNT, J., concurs.    BRANTLY, C. J., disqualified.