SIMEON, APPELLANT, *v.* KLENZE, RESPONDENT.

(No. 5,038.)

(Submitted January 27, 1923. Decided February 28, 1923.)

[213 Pac. 440.]

*Contracts—Promissory Notes—Transfer—Failure of Consideration—Rescission—Public Records—Notice.*

Rescission—Promissory Notes — Transfer—Consideration—Valueless Mortgage Security—When Action not Maintainable.
    1.  The buyer of a promissory note secured by mortgages on real and personal property, subject to prior liens which were foreclosed by their holders, rendering the security valueless but through no fault of the seller of the note, had no cause of action for rescission (no fraud or deceit having been practiced upon him) under any of the provisions of section 7565 of the Revised Codes of 1921.

Same—Failure of Consideration—Statute.
    2.  Subdivision 4 of section 7565 above, authorizing rescission if consideration for the contract fails in a material respect from any cause, applies only to executory, not executed, contracts, *i. e.,* where there has been a change in the situation causing the consideration to fail between the time of its making and its execution.

Same—When Action Does not Lie.
    3.  Where a contract is void from its inception because not founded upon a consideration, no contract was created and nothing to rescind, the remedy of the party who has parted with value in that event being an action at law to recover it back.

Sales—What is not Failure of Consideration.
    4.  Where a buyer receives what he intended to buy, although the thing bought is entirely worthless, there is not a failure of consideration.

Same—Mortgaged Property—Failure to Consult Records—Effect.
5. Where plaintiff, who bought a promissory note secured by mort-
gages which because of prior liens were valueless, failed to consult
the records from which he could have ascertained the fact of their
worthlessness, a court of equity will not grant him relief, no fraud
or deceit having been practiced upon him by defendant.

*Appeal from District Court, Silver Bow County; Jeremiah J.
Lynch, Judge.*

ACTION by S. H. Simeon against H. G. Klenze. From a
judgment for defendant, plaintiff appeals. Affirmed.

*Mr. John A. Shelton,* for Appellant, submitted a brief, and
argued the cause orally.

*Mr. John K. Claxton,* for Respondent, submitted a brief, and
argued the cause orallly.

MR. COMMISSIONER FELT prepared the opinion for the
court.

This was an action to rescind a contract of sale brought by
the buyer against the seller. The situation which led the
[1]    plaintiff to bring this action, as disclosed by the evidence,
is as follows: On November 21, 1917, one S. A. Hughes, a mar-
ried woman, gave to the defendant her promissory note in the
sum of $1,000, due six months from date. As security for the
same she executed a mortgage on certain real property and a
chattel mortgage on certain personal property. At the time
of giving these mortgages, Mrs. Hughes was in possession of
the real estate under contract to purchase the same, and of
the personal property under conditional sales contract. On
December 21, 1917, in consideration of the sum of $1,000, the
defendant indorsed the note to the plaintiff without recourse,
and assigned to him the real estate and chattel mortgages.
Both of these mortgages, at the time of their execution, were
subject to other liens in large amounts. These liens were
foreclosed by the holders thereof, during the years 1919 and
1920. Mrs. Hughes was thereby deprived of the possession of

the property covered by the plaintiff's mortgages, and his security thereby became valueless. Under the conditions which followed the execution of these instruments, it is very doubtful whether they ever had any financial value. Since Mrs. Hughes lost all of her property through debts other than the obligation forming the subject of the transaction between the plaintiff and defendant, it may be assumed that she was insolvent at the time the note in question was executed.

On February 26, 1921, the plaintiff notified the defendant that the contract between them was rescinded upon the ground that the same was originally and at all times wholly without any consideration passing from defendant to plaintiff. He then tendered back the note and mortgages, and demanded the return of the sum of $1,000, with interest at the rate of eight per cent per annum. The complaint, filed March 2, 1921, is to the same effect. The defendant appeared by answer. Trial was had to the court sitting without a jury. Judgment was rendered for the defendant. The plaintiff appealed from the judgment.

Our statute providing for rescission of a contract (sec. 7565, Rev. Codes 1921) is as follows: "A party to a contract may rescind the same in the following cases only: 1. If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party; 2. If, through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part; 3. If such consideration becomes entirely void from any cause; 4. If such consideration, before it is rendered to him, fails in a material respect, from any cause; or, 5. By consent of all the other parties."

There is no suggestion of facts in the complaint that would warrant a rescission under either of the five subdivisions. Nor are the necessary facts supplied by the proof. The most that

might be gathered from the evidence is that the mortgages were of no value by reason of the fact that prior liens exceeded the value of the property, and that the note of Mrs. Hughes was of no value by reason of her insolvency; in other words, that the consideration for the contract has wholly failed. There is no pretense that it failed through the fault of the defendant. Hence the action cannot be based upon the second [2] subdivision of the statute. The fourth subdivision is strictly limited to executory contracts, and applies where there has been a change in the situation causing the consideration to fail in a material respect between the time of making the contract and its execution. (*Conlin* v. *Osborn,* 161 Cal. 659, 120 Pac. 755.) Since the making and execution of the contract involved in this case appears to have been simultaneous, the fourth subdivision of the statute could not apply. The first, third, and fifth subdivisions are so remote from any possible application to the facts pleaded or proven that no useful purpose can be served by discussing them. It follows, then, that the plaintiff cannot successfully maintain an action to rescind the contract. (*Cotter* v. *Butte & B. V. Smelting Co.,* 31 Mont. 129, 77 Pac. 509.)

Counsel for appellant contends that the contract in question [3] was void in its inception because not founded on a valuable consideration, and that he is entitled to recover back the money paid on that ground. He refers to this as a rescission. / The statute does not make the absence of consideration, on one side, a ground for rescission by the other party. However, if there was in fact no consideration, which the law would recognize, there was no contract to rescind. The party who had parted with value in that case could recover it back in an action at law. Looking at the present case from that standpoint, the plaintiff is in no better position. The law has never attempted to consider the wisdom or folly of either party to a contract. "Courts of law will not make bargains for the [4] parties to a suit, and, if a man gets what he has contracted for, will not inquire whether it was an equivalent

to the promise which he gave in return." (Anson on Contracts (3d Am. ed.), 123.) "There is not a failure of consideration when the buyer has received that which he really intended to buy, although the thing bought should prove to be worthless." (Benjamin on Sales (Bennett ed.), p. 395.)

"Examples of consideration which the law regards as valuable, though practically of no financial value, are ❊ ❊ ❊ delivery of a note of a third person which is useless and of no value; the surrender of a note, the principal debtor whereon is insolvent and the surety has been released." (Page on Contracts (2d ed.), 635, citing *Churchill* v. *Bradley*, 58 Vt. 403, 56 Am. Rep. 563, 5 Atl. 189.

In *Shortrede* v. *Cheek*, 1 Adol. & E. 57, it is held that the giving of any note on which a suit might be brought is sufficient consideration to support a contract.

This court, in *Maloy* v. *Berkin*, 11 Mont. 138, 27 Pac. 442, quotes with approval from Pomeroy on Equity Jurisprudence as follows: "The rule is well settled that where the parties were both in a situation to form an independent judgment concerning the transaction, and acted knowingly and intentionally, mere inadequacy in the price or in the subject matter, unaccompanied by other inequitable incidents, is never of itself sufficient ground for canceling an executed or executory contract."

There is no pretense in the present case that the defendant [5] perpetrated any fraud or practiced any deceit upon the plaintiff. The evidence by which he sought to prove that Mrs. Hughes was insolvent and the mortgages given to secure the note of no value were matters of public record. If his present contention with reference to the value of the note and mortgages is well founded, there was nothing to prevent him from ascertaining the facts from the records by which he now seeks to establish them. The plaintiff examined the property itself. Any defect in the title was apparent of record. He should have examined the title or had it examined. "A court of equity cannot relieve a person who purchases a mortgage upon

real estate to which the title is defective, unless the seller has made some statement respecting the title upon which the purchaser was justified in relying." (*Vincent & Co.* v. *Berry,* 46 Iowa, 571.)

The findings of the court briefly were to the effect that the plaintiff had not established a case that would warrant a rescission. Since it could not, consistently with the foregoing opinion, have reached any other conclusion, no useful purpose could be served by discussing the ten specifications of error upon which the plaintiff bases his appeal.

We therefore recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*

Rehearing denied April 5, 1923.