HOME INS. CO. *v.* CITIZENS BANK.

(Division B.   Feb. 7, 1938).

[178 So. 589.   No. 33005.]

L. Barrett Jones, of Jackson, and E. C. Fishel, of Hattiesburg, for appellant.

Heidelberg & Roberts, of Hattiesburg, for appellee.

**Griffith, J.,** delivered the opinion of the court.

One Jackson was indebted to appellee in the sum of $1,150 secured by a mortgage on certain real estate, represented by the mortgagor to be no part of his home-

stead and so recited in the mortgage. There was a dwelling house on the mortgaged property which was insured by appellant against fire in the sum of $950. On this insurance policy there was the standard mortgage clause in favor of appellee. There was a fire loss under said policy, upon which occurrence appellee demanded of appellant the payment to appellee of the amount of the policy. Instead of this, appellant insurance company elected to purchase from appellee the mortgage and mortgage note for the full amount thereof, and appellee upon the payment of said sum transferred and indorsed to appellant the mortgage and mortgage note "without recourse on us."

Subsequently appellant undertook to foreclose the mortgage, when it was met with an injunction by the mortgagor on the ground that the mortgaged premises was and had been at all times the homestead of the mortgagor, and that the mortgage had not been jointly executed by the mortgagor's wife. Upon the hearing the court sustained the injunction as to the greater and more valuable part of the mortgaged premises. Thereafter appellant filed its bill, in the case now before us, against appellee bank, setting up the facts and averring that by its said transfer of the note and mortgage, as aforesaid, appellee "thereby guaranteed the validity of the instruments" and was therefore liable to appellant in the full amount paid appellee therefor, together with interest; and, in addition, appellant prayed for a rescission.

Appellee interposed a general demurrer to the bill, and on the hearing thereof the demurrer was sustained, and we think correctly so. There were no allegations in the bill that appellee was aware of the homestead claim or had made any false representations; in fact, there is no averment that appellee had made any representations dehors the indorsement in respect to that matter.

Without reference to the Uniform Negotiable Instruments Law, it has generally been held that an assignee

of a note and mortgage indorsed "without recourse" has no right of action against the indorser for rescission, or otherwise, by reason of the fact that the mortgage security turned out to be valueless for defect in title or absence of title of the mortgagor in the mortgaged premises, the indorser having made no representations in that respect. See, for instance, Simeon v. Klenze, 66 Mont. 341, 213 P. 440. But whatever may have been held in the cases or maintained in the texts prior to the general adoption of the Uniform Negotiable Instruments Law, now a part of our statutes, chapter 51, Code 1930, section 2657 et seq., we must in view of that statute agree with the recent case, Hege v. Suderman, 142 Kan. 495, 51 P. 2d 23, 27, that where a note and mortgage are transferred without recourse, "the legal effect of these words was to constitute the indorser a mere assignor and subject to no liability except as an implied guarantor that the instruments were genuine, that he had good title to them [that is to say, the instruments], and that he is not aware of any illegality in them."

The mortgage in that case was upon property to which the mortgagor had no title of any substantial value; nevertheless it was held that the qualified indorsement "without recourse" transferred to the assignee such title to the mortgaged property as the indorser had and no other assurance, the indorser having had no knowledge as to any defect therein and made no representations in that regard. The court said that such a transfer was analogous to a quitclaim deed.

There is no difference in principle when the mortgage fails of enforecable value because the mortgagor had no title to convey and when no title is conveyed because the property is a homestead and there is no joinder by the wife. In either event, the assignee gets nothing of value which may be enforced under the mortgage; and if beyond what the mortgage happens to transfer, the

assignee expects to hold the assignor, he must insist upon an unqualified indorsement and transfer, rather than one without recourse.

Affirmed and remanded.